# EXHIBIT A

# IN THE SUPERIOR COURT OF HARALSON COUNTY
## STATE OF GEORGIA

RECEIVED BY
OCWEN ... DEPARTMENT

MAY 2 2 2009

Initials: TRO Order

CHERYL DAVIS §
      PLAINTIFF, §

CIVIL ACTION FILE NO.

(Aff ) Quiet title
Set Aside Fc
sale

v. §
 §
 §
              § 09-cv-514 m

HOMEAMERICAN CREDIT, INC.,d/b/a §
UPLAND MORTGAGE, OCWEN LOAN§
SERVICING, LLC, DEUTSCHE BANK §
NATIONAL TRUSTCOMPANY, §
RICHARD B. MANER, PC §
and JOHN DOE(S) §

**GEORGIA**
HARALSON SUPERIOR COURT
Filed _May 20_ , 2009

_Backy Smith Robinson_
CLERK SUPERIOR COURT

## ORDER GRANTING EMERGENCY TEMPORARY RESTRAINING ORDER
## PURSUANT TO O.C.G.A. § 9-11-65 and RULE NISI

THE FOREGOING Complaint seeking emergency relief pursuant to OCGA § 9-11-65 (b) having been considered by the Court and the Court having been shown that irreparable harm could occur to the Plaintiff, should the Court fail to intervene, it is hereby, ORDERED that each of the Defendant's are enjoined and restrained from taking any action or performing any duty in furtherance of the planned dispossessory of Plaintiff from her residence, said action is stayed until further order of this Court

IT IS FURTHER ORDERED that the Defendants appear before the Court on the _3rd_ day of _June_ , 2009 at _0930_ o'clock AM/PM at the Haralson County Courthouse, courtroom 1 in Buchanan, GA and show cause why the prayers of the Plaintiff should not be granted.

This _20th_ day of _May_ , 2009.

JUDGE, SUPERIOR COURT
HARALSON COUNTY GEORGIA

Prepared by:
**Preston L. Haliburton**
**Attorney for Plaintiff**
**State Bar No. 142222**
1378 Scenic Hwy. N.
Snellville, Georgia 30078
(770) 830-9433

## IN THE SUPERIOR COURT OF HARALSON COUNTY
## STATE OF GEORGIA

CHERYL DAVIS §
      PLAINTIFF, §
               §        CIVIL ACTION FILE NO.
               §
v. §
               §        __09-CV-514 m__
               §
HOMEAMERICAN CREDIT, INC.,d/b/a§
UPLAND MORTGAGE, OCWEN LOAN§
SERVICING, LLC, DEUTSCHE BANK §
NATIONAL TRUSTCOMPANY, §
RICHARD B. MANER, PC §
and JOHN DOE(S) §

### SUMMONS

TO THE ABOVE NAMED DEFENDANTS,

      You are hereby summoned and required to file with the Clerk of Said Court and serve upon COUNSEL for the Plaintiff, whose name and address is:

               Preston Haliburton
               Attorney at Law
               1378 Scenic Hwy
               Snellville, Georgia 30078

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 20th day of May, 2009.

               Clerk of Superior Court

               By:
               Deputy Clerk, Haralson County, Georgia

## IN THE SUPERIOR COURT OF HARALSON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CHERYL DAVIS | § | |
|       PLAINTIFF, | § | CIVIL ACTION FILE NO. |
| | § | |
| v. | § | |
| | § | _____ |
| | § | |
| HOMEAMERICAN CREDIT, INC.,d/b/a | § | |
| UPLAND MORTGAGE, OCWEN LOAN | § | |
| SERVICING, LLC, DEUTSCHE BANK | § | |
| NATIONAL TRUSTCOMPANY, | § | |
| RICHARD B. MANER, PC | § | |
| and JOHN DOE(S) | § | |

### SUIT FOR QUIET TITLE, VERIFIED COMPLAINT
### FOR EMERGENCY INJUNCTIVE
### AND DECLARATORY RELIEF AND TO
### SET ASIDE FORECLOSURE SALE

      Plaintiffs, by this Verified Complaint, brings this action against the above named Defendants for to Quiet any and all Claims Against his emergency injunctive and declaratory relief and to set aside a fraudulent foreclosure sale, and state:

### Parties and Jurisdiction
### 1.

      Plaintiff is of majority age and is a resident of the State of Georgia residing in his home located in Bremen, Georgia 30110 (the "Property"). The property is located in Haralson County Georgia. A copy of the legal description is attached as Exhibit " A".

### 2.

      Defendant  Homeamerican Credit, Inc. d/b/a Upland Mortgage (hereafter "Upland") is a foreign corporation whose agent of service is Prentice-Hall Corp. System, and may be served at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30392. Defendant's  domicile and alleged authority to do business in the State of Georgia is unknown.

### 3

      Defendant Richard B. Maner, PC is a corporation formed under the laws of the State of Georgia and its agent of service is Richard B. Maner, who may be served at 5775 Glenridge Dr., Suite D 100, Atlanta, Georgia 30328. Defendant is subject to the jurisdiction of this  Court.

4.

Defendant OCWEN LOAN SERVICING, L.L.C. (hereafter "Ocwen") is a foreign corporation whose agent of service is unknown inasmuch as the corporation is registered with the State but has no named agent of service, and may be served at the Secretary of State of the State of Georgia and by certified mail to its corporate headquarters. Defendant Ocwen is a corporate entity functioning as a mortgage servicer and/or subservicer for other corporations or financial institution's mortgage loan trust which has instituted a foreclosure proceeding in this State pursuant to a Notice of Sale Under Power (copy attached hereto as part of Exhibits "B" and incorporated herein by reference). Ocwen, on information and belief attempted to sell the Plaintiffs' property at public outcry to the highest bidder for cash in connection with a claimed/alleged default on loan number 34395202 for property address in Breman, Georgia 30110 (the "Property").

5.

Defendant DEUTSCHE BANK NATIONAL TRUST CO. (hereafter "Deutsche Bank") is a foreign corporation whose agent of service is unknown inasmuch as the corporation is not registered with the State and has no named agent of service, and may be served at the Secretary of State of the State of Georgia and by certified mail to its corporate headquarters. Defendant Deutsche Bank is a corporate entity functioning as a mortgage servicer and/or subservicer for other corporations or financial institution's mortgage loan trust who is asserts that it now owns Plaintiffs home and reportedly has a contractual relationship with Defendant Ocwen for servicing the loans it claims to own as trustee.

6.

Defendant DOE(S) is/are unknown at this time but may, as a result of the securitized mortgage transaction referred to more fully herein, have an interest in the Property and the mortgage documents (Note and Security Deed) attendant thereto and may be indispensable parties and/or real parties at interest such as insurers, guarantors , subrogators, investors, government sponsored enterprises or agencies, trustees, servicers, sub-servicers, default servicers, or other entities involved in the servicing or sercuritization of the Plaintiffs loan.

Material Facts Common to All Counts

7.

On or about September 28, 1998, Plaintiff executed a Note and Security Deed in favor of Homeamerican Credit, Inc. d/b/a Upland Mortgage in connection with the purchase of the Property.

**8.**

During the course of the payment of the note by Plaintiff , Upland, Ocwen, Deutsche Bank and/ or Does and their alleged predecessor have repeatedly and willfully acted fraudulently in that it has improperly added fees to the balance of the loan, improperly credited and/or misapplied payments to the principal balance of the note and refused to provide documentation or legal justification for the debt, the fees or the irregular amortization of the principal. Defendant have repeatedly refused to properly credit payments in an effort to manufacture a default in order to fraudulently foreclose on Plaintiff's home.

**9.**

At some time unknown to the Plaintiff, the Note and security deed were bifurcated where the deed alone was separated from the note and was assigned, for servicing purposes, to Defendants Ocwen. It is unknown who presently owns and holds the actual original promissory Note. Based on present knowledge, facts, investigation, witness information and likely to have further proof during discovery, the promissory note has been pledged, hypothecated, and/or assigned as collateral security to an unknown entity, foreign trust, or to an agency of the United States government or the Federal Reserve.

**10.**

By letter dated February 24, 2009, then counsel for Defendant Ocwen (Defendant Richard B. Maner, PC) affirmatively represented that its "client", was in fact Defendant Ocwen and that Defendant Ocwen , was the servicer and that Deutsche Bank was the "creditor" for the aforementioned alleged indebtedness regarding the property address in Breman, Georgia. Said correspondence does identify Defendant Deutsche Bank, but the basis of ownership is a legally insufficient and/or fraudulent assignment filed by Defendant Richard B. Maner.

**11.**

Notwithstanding the letter of February 24, 2009 to Plaintiff the parties seeking to begin the foreclosure process are not the originating lender nor have any of the Defendants obtained an interest in Plaintiff's residence .

**12.**

The law Firm which provided Plaintiff with written notice that the "client" for purposes of the loan and foreclosure sale was Defendant Ocwen is the same law Firm which also filed the grossly inadequate assignment of interest from Upland to Ocwen, which, as a matter of law, grants no interest in the Plaintiff's property. Neverless, the law firm proceeded with the sale.

Based on present knowledge, facts, investigation, witness information and likely to have further proof during discovery, the Note and Security Deed were part of a securitized mortgage transaction where the Security Deed and Note were, at some point after original execution by the Plaintiffs, severed and sold, assigned, pledged, hypothecated or transferred to separate entities. with certain rights being sold separately.

The servicing rights to the Note were sold separately or obtained by merger with Upland to Defendant Ocwen, Deutsche Bank and/or Does , however, defendants cannot establish both the existence of the mortgage and mortgage note, or ownership of the note and mortgage. No lawful chain of title, endorsement, and proper perfection of the alleged promissory notes could have occurred under the facts stated in the assignment. In addition to the obvious problems with the backdating and future dating of an assignment, an examination of the assignment would raise serious questions as to the legitimacy of the document and those who claimed to execute it.

The alleged assignment has four signature of individuals who based on current knowledge are all employees of Ocwen Loan Servicing in Florida. Each has executed a document with a "squiggle" mark that are not only indistinguishable, but not full signatures and not believed to be the marks or signatures of any of the parties when comparison is made to other known signatures and marks of the signatory, witness, and even the notary involved.

Each of the signatures are suspected forgeries as illustrated further below and in reviewing additional assignments executed by these same individuals in this county and other states and counties across America. In fact, other judges across the nation have questioned the signature and truthfulness of Scott Anderson, the signatory on the assignment and what right, authority, and ability he has to execute assignments for other companies as well as if the signature is his alone.

In the Supreme Court, Kings County, New York in a case styled HSBC BANK USA, N.A., as Indenture Trustee for the Registered Noteholders of Renaissance Home Equity Loan Trust 2005-3, Renaissance Home Equity Loan Asset-Backed Notes, Series 2005-3,, Plaintiff, v. Candida VALENTIN, Candide Ruiz, et. al., Defendants. No. 15968/07 Judge Arthur Schack dismissed the foreclosure with prejudice as discussed below and due to Scott Anderson's and Ocwen's actions.

## 17.

The alleged frauds and facts are known to both Ocwen and Richard B. Maner. The suspected frauds and abuses of Ocwen and Anderson are well known to not only Ocwen, but to their CEO, chief legal counsel, and Scott Anderson himself who were all contacted about the report, sent the report and received comments back about the report from a shareholder who wrote the report.

## 18.

Defendant's foreclosure sale notice letter is not in accordance with new notice provisions involving foreclosure proceedings as required under Georgia law. Based upon changes this past legislative session, O.C.G.A. sec. 44-14-162.2 requires in part that *"notice...shall include the name, address, and telephone number of the individual or entity who shall have the full authority to negotiate, amend, and modify all terms of the mortgage with the debtor"*. Based on present knowledge, facts, investigation, witness information and likely to have further proof during discovery only the owner, *each investor in the securitized trust, may authorize amendments and/or modification of the Plaintiff's note and security deed.*

## 19.

The letter of counsel for Defendants dated February 24, 2009 fails to comply with the notice provisions of O.C.G.A. sec. 44-14-162.2 as said letter does not contain the name, address, and telephone number of the individual or entity who has full legal authority to negotiate, amend, or modify all terms of the mortgage with the debtor.

## COUNT I:

## EMERGENCY TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiff reaffirms and re-alleges paragraphs 1 through 19 hereinabove as if set forth more fully herein below.

## 20.

This is an action for emergency temporary and permanent injunctive relief which is brought pursuant to O.G.C.A. sec. 9-5-1 and sec. 9-5-3, and on an emergency basis without notice pursuant to O.G.C.A. sec. 9-11-65(b).

## 21.

O.C.G.A. sec. 9-5-1 provides that equity, by writ of injunction, may restrain any act of a private individual or corporation which is illegal or contrary to equity and good

conscience and for which no adequate remedy is provided at law.

22.

O.C.G.A. sec. 9-5-3(b) provides that writs of injunction which may be issued by the superior courts to enjoin the lower court's proceedings at any time in any proper case made by application for injunction.

23.

Plaintiff has a clear legal right to seek temporary and permanent injunctive relief as Plaintiff resides in the Property and as Defendants are seeking, through illegal and unlawful means and without satisfying the necessary legal standing requirements to institute a dispossessory action, take possession, custody, and control of the Property, ultimately remove the Plaintiff from her home and seek a deficiency judgment against Plaintiff.

24.

Plaintiff has no adequate remedy at law to redress the harm complained of, and the sale of the Plaintiff's property, under the circumstances of record, is contrary to equity and good conscience in that such sale is being instituted by parties who have no legal standing to institute or maintain the foreclosure *ab initio*. Accordingly the same should be set aside.

25.

O.G.C.A. sec. 9-11-65(b)(1) and (2) provide that a temporary restraining order may be granted without oral or written notice to the adverse party if it clearly appears from the specific facts shown by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and that the applicant's attorney certifies to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required.

26.

The specific facts set forth in this Verified Complaint demonstrate that unless a temporary injunction against the dispossessory action set for Thursday, May 21, 2009 at 1:30 is not granted that Plaintiff will suffer the irreparable injury, loss, and damage of the loss of her home and eviction there from.

27.

Under the circumstances where the judge in the dispossessory action is not able to review issues of title in its ruling and where the assignment is so clearly fraudulent the irreparable loss to the Plaintiffs will result before the Defendant, Ocwen and or Deutsche Bank may be heard in opposition to the relief requested herein if the emergency relief requested herein is not granted immediately.

## 28.

The requisite certification pursuant to O.G.C.A. sec. 9-11-65(b)(2) is set forth following the Verification of this Complaint by the Plaintiff *infra.*

## 29.

As Defendant Ocwen has no legal standing to institute or maintain a foreclosure of the Property, there is no harm to said Defendant with the granting of the requested relief, and any claimed harm is substantially outweighed by the irreparable harm to the Plaintiffs if the relief requested herein is not granted. Plaintiff has substantial equity in the property. Furthermore, it may be an agency of the United States Government that is ultimately defrauded by Defendant Ocwen's actions.

## 30.

The granting of the relief requested herein is in the public interest, as the consuming public, including Plaintiff, will continue to be harmed by the illegal and unlawful conduct of the Defendants the relief requested herein is not granted, whereby local property values will decline and investments held by local government and pension funds are affected by the actions of Ocwen.

## 31.

Under the circumstances where there is no harm to Defendants with the granting of the requested relief, no bond should be required as a prerequisite to the granting of the relief requested herein as there are no costs or other damages which could be contemplated on the part of Defendants with the granting of the requested relief for which a bond would otherwise be necessary . The cumulative effect of the Defendant's actions is to unnecessarily lower property values in Haralson county, create more debt for the federal government and lower stock market values of federally managed corporations.

## COUNT II:

## DECLARATORY RELIEF

## 32.

Plaintiff reaffirms and re-alleges paragraphs 1 through 31 hereinabove as if set forth more fully herein below.

### 33.

This is an action for declaratory relief which is being brought pursuant to O.C.G.A. sec. 9-4-2 and sec. 9-11-118 to declare that Defendants have no legal or equitable rights in the Note and Security Deed for purposes of foreclosure and that said Defendants had no legal standing to institute or maintain foreclosure on the Property. Further, that the foreclosure executed by the Defendants is void

### 34.

O.C.G.A. sec. 9-4-2(a) provides that the superior courts shall have the power, upon appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and that the declaration shall have the force and effect of a final judgment.

### 35.

O.C.G.A. sec. 9-4-2(c) provides that relief by declaratory judgment shall be available notwithstanding the fact that the complaining party has any other adequate legal or equitable remedies.

### 36.

As set forth above, the evidence of record demonstrates that Defendant Ocwen and Deutsche Bank do not possess the requisite legal rights to foreclose due to a missing, unexecuted, fraudulent, and/or defective assignment of both the promissory note and Security Deed from the original lender Upland to Defendant Ocwen or from, Ocwen to Deutsche Bank and/or Does.

### 37.

As set forth above, Defendants do not possess, hold, or own the note, and only has, at best, servicing or subservicing or other servicing rights to the Note which rights have been called into question by the insufficient assignments.

### 38.

The declaration by this Court that Defendants have no legal right and cannot satisfy the legal standing requirements to institute and maintain a foreclosure, and setting aside the same, is proper subject matter for declaratory relief.

### 39.

Georgia case law provides that one who is not a party to a contract whereby title to

property is retained in the seller as security for the balance of the purchase money, who is not named as payee in the notes for the payments, and who has no written assignment of the notes or the contract, cannot foreclose the contract in his own name as holder and owner thereof.

40.

Plaintiff's efforts to determine his lawful obligation and indebtedness and the identity of his lawful lender and creditor and to tender the undisputed payments or balance to the lawful lender has been thwarted by the Defendants jointly and severally.

41.

As set forth above, Defendant Ocwen as the foreclosing party named in the Notice of Sale Under Power, was not a party to the original mortgage contract documents; was not named as a payee in the Note; and has failed to demonstrate any valid assignment of the Security Deed, contract, or promissory note and is thus legally precluded from instituting or maintaining a foreclosure.

42.

As set forth above, Defendant Ocwen may only be the servicer, or merely a subservicer for a master servicer, of the Note, and as such cannot institute or maintain a foreclosure proceeding.

## COUNT III:

## FRAUD

43.

Plaintiff reaffirms and re-alleges paragraphs 1 through 42 hereinabove as if set forth more fully herein below.

44.

Defendant Upland, Ocwen, and Does refusal to properly credit Plaintiff's payments against the principal balance is willful and a deliberate attempt to defraud the Plaintiff from the ownership of his home. Defendants have attempted to procure the Plaintiff's equity in his home through unlawful means.

45.

Defendant Richard B. Maner is fully aware that the co-Defendant Ocwen is a mere

servicer of the note and is not the owner, that the ownership of the note has been converted to securitized instrument, that the actual owner of the note is unknown to co-Defendants and that as such Defendants have no legal authority to foreclose on the mortgage. Moreover, Richard B. Maner has cooperated with the original note holder, and with defendant Ocwen to perpetuate the fraud, by adding unearned and highly inflated attorneys fees to the principle balance of the note, despite Plaintiff's desires, willingness and ability to tender the payoff of his note.

### 46.

The aforementioned fraud is on going and pervasive and as such said fraud constitutes grounds for damages for the fraud itself ; rescission of the loan, and for punitive damages against all defendants jointly and severally.

### COUNT IV:

### FAIR DEBT COLLECTION ACT

### 47.

Plaintiff reaffirms and re-alleges paragraphs 1 through 46 hereinabove as if set forth more fully herein below.

### 48.

Plaintiff has properly disputed the indebtedness alleged by the Defendants in writing. Defendants are debt collectors for purposes of the Fair Debt Collection Practices Act.

### 49.

Notwithstanding the dispute of the indebtedness by the Plaintiff the Defendants' have willfully violated the provisions of the Fair Debt Collection Practices Act and are subject to the statutory damage provisions contained therein.

## COUNT V:

## SLANDER OF TITLE

### 50.

Plaintiff reaffirms and re-alleges paragraphs 1 through 49 hereinabove as if set forth more fully herein below.

### 51.

The legal effect of separating the promissory note from the security deed is to nullify the enforcement provisions of the security deed and to render the same a slander to the title of the property.

### 52.

Plaintiff is entitled to damages for the on-going slander up and until the Court grants the Plaintiff's request for Declaratory Relief.

## COUNT VI:

## TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONSHIPS

### 53.

Plaintiff reaffirms and re-alleges paragraphs 1 through 52 hereinabove as if set forth more fully herein below.

### 54.

The Plaintiff has contacted private parties and investors who have indicated a willingness to purchase and or payoff the original promissory note from the John Doe or Does that currently own or hold the original note. Plaintiff has communicated this information to the named defendants.

### 55.

Defendants, jointly and severally, refuse to disclose the identity of the note holder. Defendants jointly and severally refuse to allow Plaintiff to contact the note holder and purchase the note from the original note holder.

**56.**

Defendant's refusal to disclose the note holder's identity is a conscious effort to continue to extort illegal fees from the Plaintiff and profit from the joint and several acts of the defendants.

## SUIT FOR QUIET TITLE TO LAND

**57.**

Plaintiff reaffirms and re-alleges paragraphs 1 through 58 hereinabove as if set forth more fully herein below.

**58.**

Plaintiff shows that due to the bifurcation of the security deed and the promissory note, that Plaintiff is the sole and exclusive owner of the property known and located as Breman, Georgia 30110 . A complete legal description of the subject property is attached as exhibit "A"and incorporated by reference herein.

**59.**

Plaintiff shows that the Defendants herein are all the known or potential claimants of interest in Plaintiff's property and request that the Court inquire into the interest claimed by the individual defendants and determine the legality of each.

WHEREFORE, Plaintiff prays that the Court grant the following:

a)     that the Court grant  Declaratory Judgment which  states that  Defendants have no legal standing or the proper legal or equitable interest in either the Note and Security Deed to institute or maintain a foreclosure;

b)     that the Court rule that the Notice of Sale Under Power is legally defective and precluded from enforcement;

c)     that the Plaintiff recover her costs.

d)     for the immediate issuance of a Temporary and Permanent Injunction precluding the dispossessory action regarding Plaintiff's  property or any other disposition of the subject property;

e)     that the Court issue a declaratory judgment in accordance with the relief requested

hereinabove;

f)      that the Court grant the Plaintiff a jury trial to access the various damages sought against the Defendants, jointly and severally;

g)      that the Defendants be required to pay damages to the Plaintiff for the tortuous interference with Plaintiff's contract with his note holder;

h)      that the Defendants be required to pay damages to the Plaintiff for the slander of Plaintiff's title to land;

i)      that the Defendants be required to pay damages to the Plaintiff for the violation of the Fair Debt Collection Act;

j)      that the Defendants be required to pay damages, including punitive damages, to the Plaintiff for the fraud against the Plaintiff; and

k)      that the Defendants be required to prove to the Court any legal claim, lien, encumbrances or security against Plaintiff's property and that the Court declare the same encumbrances void and further declare the Plaintiff's property free and clear from all claims; and

l)      for any other and further relief which is just and proper.


_____
**Preston L. Haliburton**
**Attorney for Plaintiff**
**State Bar No. 142222**


1378 Scenic Hwy. N.
Snellville, Georgia 30078
(770) 830-9433

## VERIFICATION

The undersigned Plaintiff verifies, under oath, that the foregoing factual allegations in this Verified Complaint are true and correct.

_____
Cheryl Davis

Sworn before me this 20th

day of May, 2009.

_____
Notary Public

My commission expires 04-14-2013.

## CERTIFICATION OF PLAINTIFF'S COUNSEL
## PURSUANT TO O.C.G.A. SEC. 9-11-65(b)(2)

THE UNDERSIGNED HEREBY CERTIFIES, pursuant to the requirements of O.C.G.A. sec. 9-11-65(b)(2) that, as Attorney for Plaintiff, that the undersigned, prior to the filing of this Verified Complaint, gave written notice to counsel for Defendants Ocwen and Deutsche Bank and Richard B. Maner, that said parties did not own or hold the original Note or mortgage (Security Deed), that the assignment was fraudulent or at the very least, legally insufficient and as such that the legal standing requirements to institute any action for foreclosure could not be met. This notice was in the form of defensive pleadings to the impending dispossessory action. The loss which will occur should the Defendant be allowed to proceed could cause irreparable harm to the Plaintiff and his family. Notice should not be required to the Defendants inasmuch as the Defendants will not suffer any substantial loss should their dispossessory action be delayed.

SO CERTIFIED BY PRESTON L. HALIBURTON

_____
Preston L. Haliburton


Sworn before me this 20th

day of May, 2009.

_____
Notary Public

My commission expires 04-14-2013

EXHIBIT "A"

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 192 of the 7th District of Haralson County, Georgia and fronting on the West side of McClain Road and being a tract of 0.68 acres as the same is shown and designated on that certain plat entitled Survey for Property of Keith & Tracie Coffman, prepared by Crawford-Williams Assoc., Inc., Surveying Company, certified by Douglas C. Crawford #1833, Georgia Registered Land Surveyor, dated October 4, 1988, revised November 16, 1988, as shown in Plat Book 15, Page 96, Haralson County Records, which plat is incorporated herein by this reference and made a part of this description; said property being known as 271 Westbrook Road, Bremen, Georgia 30110, according to the present system of numbering in Haralson County, Georgia.

# Richard B. Maner, P.C.

ATTORNEYS AT LAW
5775 Glenridge Drive,
Building D, Suite 100
Atlanta, GA 30328
(404)252-6385
Fax: (404)252-6394
www.rbmlegal.com

*Richard B Maner\**
---------------------
*Dene S Perusse*

*\*Admitted to*
*Tennessee Bar*

February 24, 2009

Cheryl Davis
271 Westbrook Road
Breman, GA 30110

FC09-147 -- 4/7/2009

RE:  **Servicing Agent:**      **Ocwen Loan Servicing, LLC**
     **Loan #:**                **34395202**
     **Our File #:**            **FC09-147**
     **Original Borrower:**     **Cheryl Davis**
     **Owner of Record:**       **Cheryl Davis**
     **Property Address:**      **271 Westbrook Road**
                                **Breman, GA 30110**

**PLEASE BE ADVISED THAT THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Dear Ms. Davis:

As a result of the breach of the above referenced loan and the underlying Note and Security Deed, this law firm has been employed to take action against you and the property, if necessary.

This firm is acting as a debt collector for the lender named in this correspondence and any information obtained will be used for that purpose. Pursuant to the Fair Debt Collection Practices Act, you have thirty (30) days to dispute the validity of this debt, or any portion thereof, or the debt will be assumed to be valid. If you dispute the debt or any portion thereof in writing within 30 days, we will send you a verification of said debt, as well as the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, the amount of debt is $82,101.75. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after the lender or we receive your check, in which event you will be informed before depositing the check for collection.

*Exhibit "B"*

Pursuant to the terms of said Security Deed, this is notice to you of the following:

1. Said Note and Security Deed were breached as a result of your failure to make the monthly installments;

2. As a result of the failure to make payments on the referenced Note (as well as other possible defaults under the Deed to Secure Debt), your Note is accelerated and the entire amount of the outstanding balance of principal and interest is declared immediately due and payable. As of the date of this letter, you owe $82,101.75;

3. This debt is owed to Ocwen Loan Servicing, LLC, who is authorized to receive payment on your loan, but who may not be the recorded holder of the Security Deed;

4. This letter shall also serve as notice to you of the right to reinstate your loan after acceleration as provided for in the Security Deed and the right to bring a court action to assert the non-existence of a default or any other legal defense to acceleration and sale; and

5. Under certain circumstances, the lender may allow you, in its sole discretion, to cure the default on your loan. If you desire to put your loan back on a current basis, please call Ocwen Loan Servicing, LLC directly. If the lender can be persuaded to allow reinstatement, you will be told the amount which you must pay in order to cure the default.

**Please be advised that if you have received a discharge in a Chapter 7 bankruptcy case, your personal liability on this loan may have been extinguished. In that event, the action we have been requested to take would be limited to the foreclosure of the above-referenced property.**

Sincerely,
RICHARD B. MANER, P.C.

*Richard B Maner /CC*

Richard B Maner



RT **344** ¹ **A** 7489
05:22

FZ **349**

emp# 2024584  21MAY09 17:39

0200

## FedEx. *US Airbill*
### Express

FedEx Tracking Number **8695 7896 7489**

**1 From**

Date

Sender's Name _____ Phone _____

Company _____

Address  1575 Serie _____  Dept./Floor/Suite/Room

City  Sullivan  State  TX  ZIP  766 7X

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name _____ Phone _____

Company _____

Recipient's Address _____  Dept./Floor/Suite/Room

We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address

To request a package be held at a specific FedEx location, print FedEx address here.

City _____ State _____ ZIP _____

**8695 7896 7489**

### 4a Express Package Service                        Packages

- [✓] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

*Call for Confirmation

### 4b Express Freight Service                        Packages

- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

### 5 Packaging

- [ ] FedEx Envelope*
- [ ] FedEx Pak*
- [ ] FedEx Box
- [ ] FedEx Tube

### 6 Special Handling

- [ ] SATURDAY Delivery
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?

- [✓] No
- [ ] Yes  Shipper's Declaration not required
- [ ] Yes  Shipper's Declaration
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

### 7 Payment  Bill to:

- [ ] Sender
- [ ] Recipient
- [ ] Third Party
- [✓] Credit Card

Total Packages   Total Weight   Total Declared Value

$              .00

### 8 Residential Delivery Signature Options

- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature