## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **CHERYL DAVIS** | § | |
| **PLAINTIFF,** | § | CIVIL ACTION FILE NO. |
| | § | |
| v. | § | |
| | § | **1:09-CV-01462-TCB** |
| | § | |
| **HOMEAMERICAN CREDIT, INC,d/b/a** | § | |
| **UPLAND MORTGAGE,OCWEN LOAN** | § | |
| **SERVICING, LLC, DEUTSCHE BANK** | § | |
| **NATIONAL TRUST     COMPANY,** | § | |
| **RICHARD B. MANER, PC** | § | |
| **and JOHN DOE(S)** | § | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE TO MOTION TO QUASH SERVICE OF NOTICES FOR DEPOSITION AND/OR FOR ENTRY OF A PROTECTIVE ORDER

Plaintiff by and through its undersigned attorney, hereby moves this Court for entry of its Order denying Defendant's Motion to Quash service of Notices for Deposition directed upon Scott Anderson, Maria Alvarez, Doris Chapman, and Denise Marvel, and/or entering a Protective Order, and in support states as follows:

## I   PLAINTIFF SHOWS THAT DEPOSITIONS OF THE WITNESSES ARE RELEVANTAS TO HER CLAIM OF FRAUD/ NULLITY IN THE ASSIGNMENT

This is a suit brought by Plaintiff to set aside a foreclosure of a certain deed on real property owned by Plaintiff. Plaintiff alleges that the assignment of the security deed is a fraud and a forgery.

The assignment in question is an assignment filed in Haralson County, Georgia by the Defendant. Plaintiff originally signed a Deed to Secure Debt to Homeamerican Credit Inc., d/b/a Upland Mortgage. The assignment of this deed (Georgia is a title theory State O.C.G.A. § 44-14- 60 et seq.) dated **February 25, 2009** purports to grant title of Plaintiff's home to Deutsche Bank National Trust Company, as Indenture Trustee for the registered holders of Ocwen Real Estate Asset Liquidating Trust 2007-1, Asset-Backed Notes, Series 2007-1("Deutsche Bank"), effective **May 1, 2005**. The "2007" designation, in the title of the trust, is the year the trust was created. In effect, the Assignment is **back dated to a date prior to the existence of the grantee**. The assignment is a nullity on its face; however, the question of whether the deponents had authority to execute such a document, on any of the dates in question, is an area of inquiry that Plaintiff should be able to question the Defendant's employees about. Defendant is indicating to this Court that the apparent nullity of the assignment of the deed to Plaintiff's home is not an appropriate area of discovery. The Plaintiff's claims are not only that the assignment is legally insufficient, but

that the signature on the assignment is a forgery. Defendants do not support

a showing that the note has been assigned to them, only vaguely claiming

that a debtor cannot challenge ownership of the note. No attachment of the

note is provided to the Court. Defendants are not holders in due course of

the promissory note.

This case, a case involving Georgia real property, is partially

grounded on the claim that the Assignment of the Security Deed is a fraud.

Plaintiff additionally claims that the promissory note and the deed were

intentionally separated from each other. The fraudulent assignment is, in

essence, title to Plaintiff's land. References to O.C.G.A. §§ 11-3-201, 11-3-

203 and 11-3-301 are inapposite.

Plaintiff's counsel offered on 13 different occasions to go to a location

at a time suitable to Defendant's counsel and counsel did not raise any

objections to the testimony of Scott Anderson. It was only upon sending

discovery and a demand email (Attached as Exhibit A and incorporated by

reference hereto. Moreover, the text of said Exhibit is offered to show the

accusations of Plaintiff and the state of mind of the Defendants upon hearing

the same, and is not offered to make settlement discussions admissible.)

Defendants refer on many occasions to federal cases decided under Florida substantive law. *See JP Morgan Chasev. New Millennial, LC*, 6 So. 3d 681, 686-688 (Fla. 2d DCA 2009); s*ee also In reHalabi*, 184 F.3d 1335, 1338 (11th Cir. 1999) also Defendants refer the Court to *Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 74 (Tex. App. 2008) a Texas case. In each of these cases the federal courts are interpreting state law for states that have an entirely different statutory scheme from Georgia. Technically, the term "mortgage" is foreign to the legal lexicon (at least the popular practice) in Georgia.

The statutory scheme in Georgia is that a conveyance to secure debt is authorized by O.C.G.A. § 44-14- 60 et seq. and foreclosure is authorized through a perfunctory process O.C.G.A. § 44-14- 160 et seq., but since this statutory scheme is in contravention of the common law is must be strictly construed *Tampa Pipeline Corp. v. City Mills Co.,* 216 Ga. App. 783(1983). How else could we allow the taking of property rights of an individual without due process , unless they were held to the extremely high standard that they must follow the exact letter of the law? Does the assignment Plaintiff complains of give Defendants the power to foreclose under the "strictly construed" doctrine? Plaintiff shows that she is entitled to learn of the circumstances under which title to her home passed.

Contrary to the viewpoint offered by Defendants counsel that the identity of the owner of the note and deed is of no consequence to Plaintiff, the Supreme Court of Georgia offered this opinion. "The maker of a negotiable note and security deed must determine at the time of payment whether the payee is the holder of the instrument or the authorized agent of the holder in order to protect himself against liability for double payment. If the original grantee has assigned the instrument to another, who is a holder in due course, the burden rests with the maker to determine the same…[cit.] *Groover v. Peters*, 231 Ga. 531 (1973).

Plaintiff seeks the deposition of four Ocwen employees, all of whom allegedly participated in the preparation of the Assignment of the Security Deed, and one of whom is a Senior Vice President of Ocwen. Scott Anderson is a Senior Vice President at Ocwen. His connection to this matter is his signature on the Assignment of the Security Deed as the individual with the authority to assign the deed; the other three witnesses are alleged to have participated in the preparation of the Assignment. Plaintiff refers the Court to the attached Exhibit B (which is incorporated by reference herein), which sets out Plaintiff's good faith basis to believe that the signature may not, in fact, be the signature of Scott Anderson.

The testimony of Scott Anderson, as Senior Vice President of Ocwen, along with the other three witnesses, is relevant to the issues before this Court and thus relevant to the material issues in this case.

The testimony affects the validity of the transfer of the Deed and significantly impacts standing to foreclose. The Assignment transfers ownership of the deed to secure debt. The enforcement powers of the deed are what were invoked in foreclosing upon Plaintiff's home.

Accordingly, Defendant's motion to quash and/or for the entry of a Protective order should not be granted

## II. PLAINTIFF'S DEPOSITION NOTICES SHOULD BE QUASHED AS TO ALL DEPONENTS BECAUSE THEY DO NOT WORK OR RESIDE IN GEORGIA

Defendant also filed its Motion to prevent the Plaintiff from conducting the depositions of Scott Anderson, Maria Alvarez, Doris Chapman and Denise Marvel on the basis that Plaintiff noticed all of these depositions to occur in Atlanta, Georgia, and states that of these employees live or work in the State of Georgia. Defendant points out,  it is well-settled that a Plaintiff must depose Defendant's employees in the forum where they either work or reside. *Miller v. Bank of America Corp.*, 401 F. Supp. 2d 1372, 1380 (N.D. Ga. 2005) (granting defendant's motion for protective

order; a plaintiff must take depositions in the jurisdiction(s) where the witnesses live or work).

Plaintiff shows that on numerous occasions (at least 13 times) the Plaintiff requested that the Defendant suggest a location it preferred to take the depositions of Scott Anderson and others. Plaintiff offered to travel to Florida on numerous occasions to take depositions. Defendants' counsel was afforded every opportunity to name a place and time that was convenient for counsel and its clients. Defendant's counsel, both current and previous, refused to reveal a preference for the location of the depositions and seemed to be trying to "run out the clock" on discovery rather than cooperate in naming a location it wished to have depositions taken. Defendant, even now, makes no showing of which location taking depositions would be appropriate. Defendants raise this issue simply as a means to avoid meaningful discovery.

Plaintiff shows that the continued offerings by the Plaintiff to attend the depositions at a location chosen by Defense counsel show a good faith attempt on the part of Plaintiff to follow the dictates of the law. The continued refusal to comply with Plaintiff's request should be sanctioned by the Court.

## III. PLAINTIFF'S DEPOSITION NOTICES SHOULD BE QUASHED AS TO SCOTT ANDERSON BECAUSE OF THE "APEX DOCTRINE"

Finally, Defendant raises the "Apex Doctrine" in an effort to avoid having Plaintiff conduct the deposition of Mr. Scott Anderson on the basis that he is a high-level corporate officer with no personal knowledge of the material facts at issue in this case. As stated above, Mr. Anderson serves as Defendant's Senior Vice President, and his connection to this matter is that he allegedly signed the Assignment of the Security Deed. As the alleged signer of the document he possesses a "unique or superior knowledge" regarding the material factual allegations in Plaintiff's complaint. *See, e.g., Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979). He is the actual signor or he is not. His testimony is the only relevant testimony on this issue.

Opposition to Scott Anderson's testimony is more likely grounded in state and federal decisions that criticize Mr. Anderson and question his authenticity. Eg. **HSBC Bank USA, N.A. v Valentin**, 2008 NY Slip Op 50164 (U) [18 Misc 3d 1123(A)] decided January 30, 2008. Supreme Court, Kings County. Mr. Anderson is cited in numerous cases around the country and it is believed that this specious invocation of the Apex doctrine is an attempt to avoid a later invocation of the 5th Amendment of the Constitution

of the United States of America. Please see Exhibit "B" in furtherance of

Plaintiff's position.

Defendant's motion to quash and/or for the entry of a

Protective order should not be granted.


This  1st  day of June, 2010.


_____

PRESTON L. HALIBURTON
ATTORNEY FOR  PLAINTIFF
GA STATE BAR NO. 142222

1378 Scenic Hwy. North
Snellville, GA 30078
(770) 830-9433 office


**Certificate of Compliance with Rule 5.1C**

Undersigned counsel certifies the foregoing document has been prepared
with one of the font and point selections (Times New Roman, 14 point)
approved by the Court in Local Rule 5.1(c) and 7.1(D).

/s/ Preston Haliburton
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Cheryl Davis, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. |
| | ) 1:09-CV-1462-TCB |
| Home American Credit, Inc., d/b/a Upland | ) |
| Mortgage, Ocwen Loan Servicing, LLC, | ) |
| Deutsche Bank National Trust Company, | ) |
| Richard B. Maner, P.C. and John Doe(s), | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this day served a copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE TO MOTION TO QUASH SERVICE OF NOTICES FOR DEPOSITION AND/OR FOR ENTRY OF A PROTECTIVE ORDER** using the Court's ECF system, which will automatically send a copy to the foregoing attorney(s) of record for Defendant.

**Charles Huddleston**
**Baker, Donelson,Bearman,Caldwell & Berkowitz,**
Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, GA 30326

_____
PRESTON L. HALIBURTON
ATTORNEY FOR  PLAINTIFF
GA STATE BAR NO. 142222

1378 Scenic Hwy. North
Snellville, GA 30078
(770) 830-9433 office