**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CHERYL DAVIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   CIVIL ACTION FILE |
| v. | )   NO. 1:09-CV-1462-TCB |
| | ) |
| HOME AMERICAN CREDIT, INC., | ) |
| d/b/a UPLAND MORTGAGE, OCWEN | ) |
| LOAN SERVICING, LLC, DEUTSCHE | ) |
| BANK NATIONAL TRUST COMPANY, | ) |
| RICHARD B. MANER, P.C. and JOHN | ) |
| DOE(S), | ) |
| | ) |
|     Defendants. | ) |

## BRIEF IN SUPPORT OF DEFENDANTS OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company ("Deutsche Bank") (the "Lender Defendants"), pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7.1(B) and 56.1, and respectfully file this Brief in Support of their Motion for Summary Judgment on all of Plaintiff's claims.

1

# I.     FACTUAL AND PROCEDURAL BACKGROUND

On or around September 28, 1998, Plaintiff obtained a mortgage loan (the "Subject Loan") from Homeamerican Credit, Inc. d/b/a Upland Mortgage ("Upland") secured by property located at 271 Westbrook Road, Bremen, Haralson County, Georgia 30110 (the "Subject Property"). (*See* Plaintiff's Complaint ¶ 7, attached as Exhibit "A" to the Notice of Removal, ECF No. 1; Affidavit of Howard R. Handville ¶ 4.) To secure repayment of the Subject Loan, Plaintiff executed a security deed in favor of Upland. (Pl.'s Compl. ¶ 7; Handville Aff. ¶ 5.) The Security Deed is recorded at Deed Book 406, Pages 230, Haralson County, Georgia Records. (Handville Aff. ¶. 5, Exhibit A.)[1] The Subject Loan was in the original principal amount of $59,500.00. (*See* Handville Aff. ¶ 4.)

Plaintiff also executed a Note evidencing her indebtedness under the Security Deed. (Pl.'s Compl. ¶ 7; Handville Aff. ¶ 6, Exhibit B.) Under the terms of the Note executed by Plaintiff, Plaintiff was obligated to make monthly

---

[1] The Lender Defendants request that this Court take judicial notice of the real estate records attached hereto pursuant to F.R.E. 201. These documents are recorded legal instruments, which are maintained by the Haralson County Clerk of the Superior Court and qualify under the rule because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." F.R.E. 201. For the convenience of the Court, copies of the recorded instruments referenced throughout the Lender Defendants' brief are attached hereto.

payments of accrued interest. (Handville Aff. ¶ 7, referencing Note ¶ 3.) Acting under the terms of the Note executed by Plaintiff, payments were applied pursuant to the amortization schedule. (*Id.* at ¶ 7.)

On or around March 12, 2008, Deutsche Bank granted Ocwen a limited power of attorney to prepare and file notices of default and notices of sale with respect to the commencement of nonjudicial foreclosure proceedings against the Subject Property, and to execute any and all documents necessary to complete the foreclosure sale of the property. (*Id.* at ¶ 8.) The Limited Power of Attorney is recorded at Deed Book 983, Page 318, Haralson County, Georgia. (*See id.* at ¶ 8, Exhibit C.)

Upland assigned its interest in the Security Deed to Deutsche Bank National Trust Company, as Indenture Trustee for the Registered Holders of Ocwen Real Estate Asset Liquidating Trust 2007-1, Asset—Backed Notes, Series 2007-1, for value, effective May 1, 2005 ("Assignment"). (Defs.' Statement of Undisputed Material Facts ¶ 7.) The Assignment is recorded in Deed Book 978, Page 322, Haralson County, Georgia Records. (*See* Handville Aff. ¶ 9, Exhibit D.) Ocwen serviced the loan on behalf of Deutsche Bank. (*Id.* at ¶ 10.)

Plaintiff's last payment was received by Ocwen on or around October 30, 2008, and Plaintiff eventually defaulted on the repayment of the Subject Loan (*see*

*id.* at ¶¶ 11-12). Acting under the limited power of attorney, Ocwen sent Plaintiff via certified mail a notice of default dated December 17, 2008, which informed Plaintiff that a failure to bring her account current could result in Deutsche Bank's election to exercise its right to foreclose on the property. (*Id.* at ¶ 13, Exhibit E.)

By letter dated February 24, 2009, Plaintiff was contacted by the law firm of Richard B. Maner, P.C. to notify Plaintiff that the law firm had been employed and authorized by Ocwen to take action against her and the Subject Property if Plaintiff failed to cure the default ("First Maner Letter"). (Pl.'s Compl. ¶¶ 10-11; Affidavit of Richard B. Maner ¶¶ 5-6, Exhibit A.) By letter dated February 26, 2009, Maner contacted Plaintiff to provide her with a copy of the Notice of Sale Under Power as required by applicable Georgia law ("Second Maner Letter"). (Maner Aff. ¶ 7, Exhibit B.) Plaintiff failed to make the payments that would bring her account current, and as a result, Deutsche Bank foreclosed on the Subject Loan pursuant to the power of sale contained in the Security Deed. (Handville Aff. ¶ 14.) The foreclosure sale was completed on April 7, 2009. (*Id.* at ¶ 15; Maner Aff. ¶ 8), as evidenced by the Deed Under Power that is recorded in Deed Book 983, Page 315, Haralson County, Georgia Records. (Handville Aff. ¶ 15, Exhibit F.)

In response, Plaintiff filed her complaint in the Superior Court of Haralson County, Georgia on or around May 22, 2009. (*See* Defs.' Statement of Undisputed

Material Facts ¶ 18.) The defendants subsequently removed the action to this Court on June 1, 2009. (*Id.* at ¶ 19.) During the course of the litigation, Plaintiff sought to depose four Ocwen employees in her attempt to challenge the validity of the Assignment, but Ocwen moved to quash the notices of service of deposition. (*See id.* at ¶¶ 20-22.) On February 15, 2011, this Court granted Ocwen's motion to quash, holding that Plaintiff, as the mortgagor/debtor and a non-party to the assignment contract, lacked standing to challenge the validity of the Assignment. (*Id.* at ¶ 23.)

Viewing this Court's holding together with the fact that Plaintiff's claims fail as a matter of law, the Lender Defendants respectfully request that this Court **GRANT** their Motion for Summary Judgment against Plaintiff on all of her claims against the Lender Defendants in their entirety.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Bennett v. Hendrix,* 423 F.3d 1247, 1249–50 (11th Cir.2005). "The moving party bears 'the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.' " *Yates v. GMAC Mortg. LLC*, No. 1:10-CV-02546-RWS, 2010 WL 5316550, *1 (N.D.Ga. Dec. 17, 2010) (citing *Hickson Corp. v. N. Crosssarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004)).

"The moving party may meet its burden to show that there are no genuine issues of material fact by demonstrating that there is a lack of evidence to support the essential elements that the non-moving party must prove at trial." *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Dietz v. Smithkline Beecham Corp*., 598 F.3d 812, 815 (11th Cir. 2010); *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir.1991), *cert. denied*, 502 U.S. 1048 (1992); *Yates*, 2010 WL 5316550, at *1 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). The "mere existence of some alleged factual dispute between the parties" cannot defeat a motion for summary judgment. *Goodman v. Ga. Sw.*, 147 F. App'x 888, 891 (11th Cir. 2005) (citing *Anderson*, 477 U.S. at 247-48).

Rule 56 mandates summary judgment in favor of the Lender Defendants if Plaintiff fails to show facts sufficient to support *any essential element* of the claims

on which she bears the burden of proof. *Celotex*, 477 U.S. at 322-23 (emphasis added). Plaintiff therefore bears the burden of proof to establish each element of her claims. Plaintiff cannot meet that burden, and thus summary judgment in the Lender Defendants' favor is appropriate.

## III. ARGUMENT AND CITATION TO AUTHORITY

### A. Plaintiff Cannot Establish Her Claim Against the Lender Defendants Under the Federal Fair Debt Collection Practices Act ("FDCPA").

Plaintiff's claim under the FDCPA fails because the FDCPA only applies to debt collectors, and not to creditors or mortgage servicers like the Lender Defendants. In order to prevail on an FDCPA claim, a plaintiff must establish, *inter alia*, that the defendant attempting to collect the debt qualifies as a "debt collector" under the FDCPA. *See Ga. ex rel Saunders v. Mortg. Elec. Registration Sys., Inc.*, No. 1:10–CV–3419–TWT–RGV, 2011 WL 1335824, *8 (N.D.Ga. Mar. 11, 2011). The FDCPA defines a "debt collector" as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6).

However, it is well-established that creditors and mortgage servicers are excluded from the purview of the FDCPA. *See Brown v. Fed. Nat'l Mortg. Ass'n*, No. 1:10–CV–03289–TWT–GGB, 2011 WL 1134716, *7 (N.D. Ga. Feb. 28, 2011) (stating that the FDCPA applies only to "debt collectors" and not to creditors or mortgage servicers); *Buckley v. Bayrock Mortg. Corp.*, No. 1:09-CV-1387-TWT, 2010 WL 476673, *6 (N.D. Ga. Feb. 5, 2010) (same); *Sabeta v. Baptist Hosp. of Miami, Inc.*, 410 F.Supp.2d 1224, 1242 (S.D.Fla.2005) (same); *Trent v. Mortg. Elec. Registration Sys.*, Inc., 618 F.Supp.2d 1356, 1360 (M.D.Fla.2007) (same); *Humphrey v. Wash. Mut. Bank, F.A.,* No. 1:06-CV-1367-JOF, 2007 WL 1630639, at *2 (N.D. Ga. June 1, 2007). In this case, it is undisputed that the Lender Defendants are mortgage holders or servicers. (Pl.'s Compl. ¶¶ 4-5; Handville Aff. ¶ 10.) As such, the Lender Defendants are not debt collectors within the meaning of the FDCPA. Accordingly, Plaintiff's FDCPA claim against the Lender Defendants fails as a matter of law because the Lender Defendants are not debt collectors for purposes of the FDCPA.

Even if the Lender Defendants could be deemed "debt collectors," Plaintiff's claim still fails as a matter of law because Plaintiff's claims involve the foreclosure of a mortgage. Indeed, foreclosure of a mortgage is not debt collection activity for purposes of the FDCPA. *See Warren v. Countrywide Home Loans, Inc.*, 342 F.

App'x 458, 460-61 (11th Cir. 2009) (agreeing with "nearly every court" that foreclosing on a home does not qualify as debt collection for purposes of § 1692g); *Bandele v. Am. Home Mortg. Servicing, Inc.*, No. 1:09-CV-1031-TWT-WEJ, 2009 WL 3428527, *4 (N.D.Ga. Sept. 11, 2009), *report and recommendation adopted by Wintz v. Am. Home Mortg. Servicing Inc.*, No. 1:09-CV-1031-TWT, 2009 WL 3428488, *1 (N.D.Ga. Oct 19, 2009) (holding that because the defendant was not a third-party debt collector, but was attempting to collect on its own debt, the plaintiff's claim failed).

In this case, the only conduct Plaintiff identifies that could arguably be described as debt collection is the foreclosure of the Subject Loan. (*See* Pl.'s Compl. ¶¶ 47-49.) However, because the FDCPA does not apply to such conduct, Plaintiff as a matter of law cannot produce any admissible evidence to support her claim that the Lender Defendants violated provisions of the FDCPA. Accordingly, Plaintiff's claim under the FDCPA fails as a matter of law, and summary judgment is appropriate.

**B. Plaintiff Cannot Establish Her Claim Under Georgia's Wrongful Foreclosure Statutes.**

Plaintiff next alleges that one or both of the Lender Defendants violated Georgia's foreclosure laws. (*See* Pl.'s Compl. ¶¶ 18-19.) Specifically, Plaintiff

refers only to the First Maner Letter dated February 24, 2009 as having "fail[ed] to comply with the notice provisions of O.C.G.A. § 44-14-162.2" because the letter allegedly "[did] not contain the name, address, and telephone number of the individual or entity who ha[d] all legal authority to negotiate, amend, modify all terms of the mortgage with the debtor." (*Id.* at. ¶ 19.) However, Plaintiff's wrongful foreclosure claims must fail because the First Maner Letter was sufficient to comply with O.C.G.A. § 44-14-162.2 as the statute does not require that the individual or entity be *expressly* identified as having "full authority to negotiate, amend, and modify all terms of the mortgage." *TKW Partners, LLC v. Archer Capital Fund, L.P.*, 302 Ga. App. 443, 446 (2010).

Even where an attorney lacking plenary authority to modify the loan sends notice on behalf of the lender, a notice that provides the name, address, and phone number of the lender's attorney *and* identifies the lender is sufficient. *Id.* In this case, the First Maner Letter did in fact supply the name, address, and phone number of Attorney Richard B. Maner, Ocwen's foreclosure counsel (*See* Maner Aff. ¶ 6, Exhibit A, at 1)). Furthermore, as granted in its limited power of attorney, Ocwen was properly identified as the entity having the requisite authority to modify the terms of the Security Deed. (Handville Aff. ¶ 13, Exhibit E, at 1.)

Accordingly, the notice letter complied with O.C.G.A. § 44-14-162.2, and summary judgment is appropriate.

Moreover, to the extent Plaintiff alleges that the "bifurcation" of the Security Deed and the Note (Pl.'s Compl. ¶ 9) somehow renders the foreclosure invalid, Plaintiff's claim fails because the Georgia foreclosure statute **does not** require a secured creditor to possess or otherwise provide "proof" of possession of the Note, or that the Note and Security Deed remain owned by the same entity. Indeed, physical possession of the Note is irrelevant because possession of the original promissory note is **not** a requirement for a non-judicial foreclosure in Georgia. Instead, Georgia law merely provides that any transfer of a Security Deed or Deed to Secure Debt "shall be sufficient to transfer the property therein described and the indebtedness therein secured, whether the indebtedness is evidenced by a note or other instrument or is an indebtedness which arises out of the terms or operation of the deed, together with the powers granted without specific mention thereof." O.C.G.A. § 44-14-64(b).

Additionally, the Security Deed makes it abundantly clear that Plaintiff obtained the Subject Loan directly from Upland and that the Security Deed contains a valid power of sale permitting Deutsche Bank as assignee (Handville Aff. ¶ 9, Exhibit D, at 1), and Ocwen through its limited power of attorney from

Deutsche Bank (Handville Aff. ¶ 13, Exhibit E, at 1), to foreclose on the Subject Loan in the event of a default by Plaintiff. (Handville Aff. ¶ 5, Exhibit A, at 1.) This is sufficient under Georgia law to make the Lender Defendants Plaintiff's secured creditors and to provide the Lender Defendants with the right to foreclose. As a result, Plaintiff's reference to the alleged "bifurcation" of the Note and Security Deed as a legal detriment to the Lender Defendants' ability to foreclose has no basis in law or fact, and to the extent Plaintiff relies on this allegation to support a claim for wrongful foreclosure, Plaintiff cannot establish such a claim. Summary Judgment is appropriate.

### C.     Plaintiff Cannot Establish A Claim For Fraud.

Under Georgia law, a plaintiff alleging fraud must demonstrate each of these elements: (1) a false representation by the defendant; (2) the defendant's knowledge that the information is false (scienter); (3) the defendant's intention to induce the plaintiff to act or to refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. *Fin. Sec. Assurance., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1288 (11th Cir. 2007) (citing *Avery v. Chrysler Motors Corp.*, 214 Ga. App. 602, 448 S.E.2d 737, 739 (1994)). In this case, the lack of evidence supporting Plaintiff's fraud claim against the Lender Defendants is clear. Indeed, the record demonstrates that Plaintiff cannot maintain a claim for fraud against

them because she has shown no facts that would permit a jury to find in her favor on any of the five elements of fraud. She has not produced any facts demonstrating that the Lender Defendants made any false representation to her, that the Lender Defendants possessed the required scienter, that the Lender Defendants intended to induce Plaintiff to act, that Plaintiff in fact justifiably relied on any representation by the Lender Defendants, or that Plaintiff was damaged as a result of any alleged conduct by the Lender Defendants.

### 1. There is no evidence that the Lender Defendants made an actionable misrepresentation to Plaintiff.

In order to advance a fraud claim, a plaintiff must establish that a defendant made false representations to the plaintiff. *Fin. Sec. Assurance*, 500 F.3d at 1289. There is simply no evidence on the record demonstrating that the Lender Defendants made any false representations to Plaintiff. To the extent Plaintiff relies on her allegation that Ocwen "refus[ed] to properly credit Plaintiff's payments against the principal balance" to support her claim, (Pl.'s Compl. ¶ 44), this allegation does not establish that Ocwen made any alleged false representations to Plaintiff. In fact, contrary to Plaintiff's baseless assertion, Plaintiff was obligated to make monthly payments of accrued interest (Handville Aff. ¶¶ 6-7, Exhibit B, at 1), and Ocwen complied with the terms of the Note by

applying Plaintiff's payments to Plaintiff's account pursuant to the amortization schedule. (*Id.* at ¶ 7). Such conduct by Ocwen does not amount to a false representation.

Plaintiff also alleges that Ocwen committed fraud "by adding unearned and highly inflated attorney's fees to the principal balance of the note." (Compl., at ¶ 45.) In making this assertion, Plaintiff fails to go "beyond the pleadings" and makes only vague factual conclusions. With respect to Deutsche Bank, Plaintiff makes a general reference to "Defendants," but sets forth no facts evidencing that Deutsche Bank made any alleged misrepresentation. Accordingly, there is no evidence supporting the very first element required for Plaintiff's fraud claim against the Lender Defendants.

> **2.** ***There is no evidence that the Lender Defendants acted with the required scienter or the requisite intent to induce Plaintiff to act or refrain from acting.***

As argued *supra*, there is no evidence that the Lender Defendants knowingly made any false representation to plaintiff. Given that fact, there is certainly no evidence that the Lender Defendants acted with any intent to harm Plaintiff or to induce Plaintiff to act or refrain from acting. Because there is no evidence from which a jury could find that Plaintiff satisfied either of these essential elements of

her fraud claim, the Lender Defendants are entitled to a summary judgment in their favor on this claim.

### 3. There is no evidence that Plaintiff justifiably relied on an alleged misrepresentation.

Plaintiff's fraud claim also fails because there is no evidence whatsoever that Plaintiff justifiably relied on an alleged misrepresentation. To prove justifiable reliance under Georgia law as to fraud, a plaintiff must show that it exercised due diligence. *See Fin. Sec. Assurance* 500 F.3d at 1289 (citing *Bogle v. Bragg*, 248 Ga. App. 632, 636 (2001)). For example, justified reliance in a case like this would occur if a debtor paid on an account in reliance on the representation that it was owed to a particular party. Here, the opposite is the case. Plaintiff made no payments after receiving the First Maner Letter. (*See* Defs.' Statement of Undisputed Material Facts ¶¶ 13-15.) "[A]ctionable fraud will not result from misrepresentations which are immaterial, not relied upon, or which the plaintiff in the exercise of reasonable diligence should have ascertained to be untrue." *Vaughan v. Oxenborg*, 105 Ga. App. 295, 299 (1962). There is no evidence from which a jury could conclude that Plaintiff reasonably relied on an alleged misrepresentation, and the Lender Defendants are entitled to a judgment in their favor on Plaintiff's fraud claim.

**4. There is no evidence that Plaintiff suffered any damages as the proximate result of the misrepresentation.**

Plaintiff's fraud claim against the Lender Defendants also fails because there is no evidence satisfying the final essential element of fraud: damages caused by the misrepresentation. *See Barnes v. White County Bank*, 170 Ga. App. 681, 682 (1984). Here, Plaintiff never paid any party money as a result of any alleged misrepresentation by the Lender Defendants. (*See* Defs.' Statement of Undisputed Material Facts ¶¶ 13-15.) The only consequence that supports Plaintiff's claim is the expenses Plaintiff incurred in filing her lawsuit. This cannot support her claim for fraud. *See Barnes*, 170 Ga. App. at 682 ("damages" unrelated to any fraud allegedly perpetrated by a defendant prior to the filing of a complaint cannot support a fraud claim). "[A] party may recover for fraud where [s]he has sustained some pecuniary damage or injury whereby [s]he is put in a position worse than he would have occupied had there been no fraud." *Bridgers v. Investors Am., Inc.*, 154 Ga. App. 206, 208, 267 S.E.2d 801, 803 (1980). As a result, there is no evidence that Plaintiff suffered any damage as a result of any alleged misrepresentation by the Lender Defendants, and her fraud claim against them therefore fails.

**D. Plaintiff Cannot Show That She Is Entitled To Recover Punitive Damages Against the Lender Defendants.**

Plaintiff includes in her Complaint a request for punitive damages. (Pl.'s Compl. ¶ 46 and Prayer for Relief.) However, Plaintiff is not entitled to recover punitive damages against the Lender Defendants on her fraud claim, first because, as noted *supra*, Plaintiff presented no evidence to support her fraud claim against them. Second, under Georgia law, punitive damages may be awarded in tort actions where "it is proven by clear and convincing evidence that defendant's actions showed willful misconduct, malice, fraud, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences." O.C.G.A. § 51-12-5.1(b). In other words, a punitive damages claim requires an additional showing above and beyond that for Plaintiff's underlying fraud claim, which showing Plaintiff also has failed to make. Indeed, pursuant to O.C.G.A. § 51-12-5.1(b), Plaintiff cannot recover punitive damages because there are no facts showing that the Lender Defendants took any action with regard to Plaintiff with malice or intent to harm Plaintiff.

In the present case, there is no evidence that the Lender Defendants took or authorized any action with regard to Plaintiff, much less that they took any action with malice, fraud, conscious indifference or the specific intent to cause harm to Plaintiff. The only allegations of wrongdoing are that the Lender Defendants

refused to properly credit Plaintiff's payments against the principal balance of the Subject Loan and that the Lender Defendants somehow participated in a conspiracy to defraud Plaintiff by "adding unearned and highly inflated attorney's fees for the principle balance of the note." (Pl.'s Compl. ¶¶ 45-46.) However, such conduct does not prove that the Lender Defendants' actions constitute willful misconduct, malice, fraud, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences. Under these circumstances, it is clear that Plaintiff is not entitled to an award of punitive damages against the Lender Defendants.

### E.    Plaintiff Cannot Establish a Claim For Declaratory Relief.

Declaratory relief is authorized only when there are "circumstances showing [a] necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to [her] alleged rights and which if taken without direction might reasonably jeopardize [her] interest." *See Morgan v. Guar. Nat'l Cos.*, 268 Ga. 343, 344 (1997). Simply put, the Plaintiff must be "in need of direction with respect to *future* conduct which might increase [her] liability or otherwise affect [her] interest." *Bus. Software v. Info. Assocs.*, 201 Ga. App. 565, 566 (1991) (emphasis added). "The object of the declaratory judgment is to permit

determination of a controversy *before* obligations are repudiated or rights are violated." *Loyd v. City of Irwinton,* 142 Ga. App. 626, 626 (1977) (quoting *Rowan v. Herring*, 214 Ga. 370, 374 (1958)).

Here, the record demonstrates that Plaintiff is obviously not in that position. The foreclosure at issue occurred on April 7, 2009. (Handville Aff. ¶ 15; Maner Aff. ¶ 8.) Plaintiff filed her Complaint on or around May 22, 2009. (Pl.'s Compl. 1, ECF No. 1.) These facts make clear that the Plaintiff is not seeking direction with regard to the legal propriety any future conduct on her part. She is not faced with taking any step that would injure or jeopardize her rights. Indeed, the steps have already been taken. All rights have accrued, foreclosure proceedings have been completed (Handville Aff. ¶ 15; Maner Aff. ¶ 8), and the Subject Property has been sold (*Id.*). Consequently, what Plaintiff is actually seeking is a declaration that the Plaintiff will prevail on her claims. Such a request cannot form the basis for declaratory relief in Georgia. *See Bus. Software*, 201 Ga. App. at 566. Accordingly, summary judgment for the Lender Defendants on this claim is appropriate.

F. **Plaintiff Cannot Establish a Claim For Tortious Interference With Contractual and Business Relations Because Defendants Are Not Strangers to the Security Deed.**

After proving the existence of a contract, it is essential to a claim for tortious interference with contractual relations that the plaintiff establish that the defendant is a "stranger" to the contract with which the defendant allegedly interfered. *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1283 (11th Cir. 2003) (citing *Atlanta Mkt. Ctr. Mgmt. Co. v. McLane*, 269 Ga. 604, 608 (1998)). The defendant must be a stranger to *both* the contract and the business relationship giving rise to and underpinning the contract. *Id.* (citing *Renden v. Liberty Real Estate*, 213 Ga. App. 333, 335 (1994)). A defendant is not a stranger to the contract with which the defendant allegedly interfered if the defendant is a party to a "comprehensive interwoven set of contracts which provided for the financing, construction, and transfer of ownership." *Id.* (citing *Jefferson-Pilot Comm. Co. v. Phoenix City Broad.*, 205 Ga. App. 57, 60 (1992)).

Here, the contract with which Plaintiff alleges the Lender Defendants interfered is the Note. (Pl.'s Compl. Count VI.) The record establishes that the Assignment of the Security Deed was made in favor of Deutsche Bank. (Handville Aff. ¶ 9.) And because it is well-established in Georgia that the Note follows the Security Deed when the Security Deed has been assigned, (*supra*), it follows that Deutsche Bank obtained an interest in the Note, thereby making it a party in interest to the Note. Additionally, Ocwen's interest in the Note derives from its

authority to initiate the foreclosure as set forth pursuant to the Limited Power of Attorney from Deutsche Bank. (Handville Aff. ¶ 8, Exhibit C, at 2.) Furthermore, Plaintiff has presented no evidence to the contrary showing that the Lender Defendants were "strangers" to the Note. Therefore, because of the Lender Defendants' non-stranger status and well-established law in Georgia, the Lender Defendants cannot tortiously interfere with their own business relationships. *H&R Block Eastern Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010) (citing *Taylor v. Calvary Baptist Temple*, 279 Ga. App. 71, 630 S.E.2d 604, 606 (2006)). Accordingly, Plaintiff's claim of tortious interference with the business and contract relationships must fail.

### G. **Plaintiff Cannot Establish a Claim Under Georgia's Quiet Title Act.**

#### 1. *Plaintiff lacks standing to maintain a quiet title action.*

Plaintiff alleges that she is "the sole and exclusive owner of the property" (Pl.'s Compl. ¶ 58), and is therefore entitled to relief under Georgia's quiet title laws. Plaintiff's claim under Georgia's Quiet Title Act fails as a matter of law because Plaintiff lacks standing to maintain a quiet title action. Plaintiff **does not** hold title to the Subject Property as evidenced by the Security Deed (Handville Aff. ¶ 5, Exhibit A, at 1) and Plaintiff's failure to satisfy her obligations under the

Security Deed (Defs.' Statement of Undisputed Material Facts ¶¶ 10-15). In order to bring a quiet title action under Georgia's Quiet Title Act, a plaintiff must prove ownership of the disputed property. *See Smith v. Ga. Kaolin Co., Inc.*, 269 Ga. 475, 477 (1998). Indeed, the law in Georgia is clear that a person must establish ownership of property on the strength of her own title and cannot prevail in a quiet title action by relying on the weaknesses in another's title. *McRae v. SSI Dev., LLC*, 283 Ga. 92, 93 (2008).

Here, Plaintiff has failed to produce any evidence demonstrating that she holds current or prescriptive title to the Subject Property. Instead, the record demonstrates that Plaintiff conveyed the Subject Property to Upland and its assigns by Security Deed (Handville Aff. ¶ 5, Exhibit A, at 1), which, under Georgia law, vested legal title in Upland or its assigns until the debt was paid, *see Ivey v. Stanley,* 272 Ga. 180, 181 (2000); *Eagle Glen Unit Owners Ass'n, Inc. v. Lee,* 237 Ga. App. 240, 241 (1999).

While Plaintiff refers to the "bifurcation" of the Security Deed and Note as evidence of her ownership (Pl.'s Compl. ¶ 58), the deed records for Haralson County, of which this Court is entitled to take judicial notice, demonstrate conclusively that she has no interest in the Subject Property. (Handville Aff. ¶ 5, Exhibit A, at 1.) Additionally, because Plaintiff has not satisfied the terms of the

Security Deed (See Defs.' Statement of Undisputed Facts ¶¶ 10-15), Plaintiff never regained legal title to the Subject Property. Accordingly, Plaintiff's claim under Georgia's Quiet Title Act fails.

**2.** ***Even if Plaintiff has standing to bring a claim under Georgia's Quiet Title Act, Plaintiff cannot establish a claim for relief under O.C.G.A. § 23-3-40.***

Plaintiff has not specified the section under which her demand for relief under Georgia's Quiet Title Act brought. Assuming Plaintiff seeks relief under O.C.G.A. § 23-3-40, which provides for a conventional proceeding quia timet, Plaintiff cannot establish a claim that would justify a judgment in her favor. Conventional quia timet is employed to quiet title as against "any forged or other iniquitous deed or other writing which, though not enforced at the time, either casts a cloud over the complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect protection." *Gurley v. East Atlanta Land Co., Inc.*, 276 Ga. 749, 749-50 (2003). In other words, a conventional quiet title claim requires proof that the security deed was forged or otherwise "iniquitous."

In this case, Plaintiff's claim based on an alleged forged assignment has already been ruled invalid as a matter of law by this Court. (*See* Order 5, February 15, 2011, ECF No. 36.) Indeed, this Court held that Plaintiff has no standing to

challenge the assignment (*Id.*)  As the law of this case, the Court's Order on this matter precludes Plaintiff from prevailing on a claim under O.C.G.A. § 23-3-40, and summary judgment on this claim is proper.

## H.    Plaintiff Cannot Establish a Claim For Slander of Title.

In order to sustain an action for slander of title in Georgia, Plaintiff must allege and prove the uttering and publishing of the slanderous words; that they were false; that they were malicious; that she sustained special damage thereby; and that she possessed an estate in the property slandered.  *See Jackman v. Hasty*, No. 1:10-CV-2485-RWS, 2011 WL 854878, *6 (N.D. Ga. Mar. 8, 2011) (citing *Latson v. Boaz*, 278 Ga. 113, 114, 598 S.E.2d 485, 487 (2004)); *see also M & M Mortg. Co., Inc. v. Grantville Mill, LLC*, 302 Ga. App. 46, 690 S.E.2d 630 (2010). If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim for slander of title, "that claim tumbles like a house of cards, [and] [a]ll of the other disputes of fact are rendered immaterial." *Latson*, 278 Ga. at 115.

In this case, Plaintiff cannot establish her claim for slander of title.  There is simply no evidence of "slanderous words" uttered or published by any of the Lender Defendants, or that such words were false.  Even more, an essential element of a claim for slander of title is evidence of special damages actually

sustained, *see id.*, and Plaintiff has failed to plead such damages plainly, fully, and distinctly, *id.* (See Compl., generally.) Even if there was evidence of false and slanderous words and of special damages, Plaintiff's slander of title claim would still fail because the Security Deed demonstrates that Plaintiff did not, and still does not, own the Subject Property. (Handville Aff. ¶ 5, Exhibit A, at 1; Defs.' Statement of Undisputed Facts ¶¶ 10-15.) Indeed, because Plaintiff does not own the Subject Property, she has no standing to bring a claim for slander of title. *See Bishop Contracting Co., Inc. v. N. Ga. Co., Inc.*, 203 Ga. App. 655, 657 (1992) (concluding that claimant, not being the owner of the property, lacked standing to assert a claim for slander of title). Accordingly, Plaintiff's claim "tumbles like a house of cards," and summary judgment for the Lender Defendants is appropriate on this claim.

## IV. CONCLUSION

For the reasons set forth above, the Lender Defendants respectfully request that this Court **GRANT** their Motion for Summary Judgment against Plaintiff on all of her claims against the Lender Defendants in their entirety.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted this 11th day of July, 2011.

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*/s/ Charles T. Huddleston*
Linda S. Finley
Georgia Bar No. 261515
Charles T. Huddleston
Georgia Bar No.  373975
Jonathan E. Green
Georgia Bar No.  307053
*Attorneys for Defendants Ocwen Loan*
*Servicing, LLC and Deutsche Bank*
*National Trust Company*

Monarch Plaza, Suite 1600
3414 Peachtree Road N.E.
Atlanta, GA 30326
Telephone: (404) 577-6000
Facsimile: (404) 221-6501
lfinley@bakerdonelson.com
chuddleston@bakerdonelson.com
jegreen@bakerdonelson.com

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the court in local rule 5.1 (C) and 7.1 (D).

This 11th day of July, 2011.

/s/ Charles T. Huddleston
Charles T. Huddleston
 Georgia Bar No. 373975

CHERYL DAVIS,                          )
                                       )
    Plaintiff,                     )
                                       )   CIVIL ACTION FILE
v.                                     )   NO. 1:09-CV-1462-TCB
                                       )
HOME AMERICAN CREDIT, INC.,            )
d/b/a UPLAND MORTGAGE, OCWEN           )
LOAN SERVICING, LLC, DEUTSCHE          )
BANK NATIONAL TRUST COMPANY,           )
RICHARD B. MANER, P.C. and JOHN        )
DOE(S),                                )
                                       )
    Defendants.                    )

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2011, I served a copy of the within and foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT** upon all parties to this matter by electronically filing the foregoing with the Clerk by using the CM/ECF system:

Preston Haliburton, Esq.
Law Office of Preston Haliburton, PC
1378 Scenic Hwy. N.
Snellville, GA 30078
prestonhaliburton@yahoo.com

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

/s/ Charles T. Huddleston
Charles T. Huddleston
*Attorneys for Defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company*