DUPLICATE

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHERYL DAVIS,                   )

                                )

      Plaintiff,           )  CIVIL ACTION

                                )  FILE NO.

vs.                           )  1:09-CV-01462-TCB

                                )

HOME AMERICAN CREDIT, INC. d/b/a, )

UPLAND MORTGAGE , OCWEN LOAN )

SERVICING, LLC, DEUTSCHE BANK )

NATIONAL TRUST COMPANY,      )

RICHARD B. MANER, P.C. and JOHN )

DOE(s),                            )

                                )

      Defendants.        .)

## OCWEN LOAN SERVICING, LLC'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Ocwen Loan Servicing, LLC ("Defendant") serves these objections and responses to Plaintiff's First Requests for Admissions, stating as follows:

### GENERAL OBJECTIONS

1.    Defendant objects to the extent the requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

2. Defendant further objects to each request to the extent it seeks information that is protected from discovery by the attorney-client privilege, investigative privilege, work product doctrine, or any other applicable privilege.

3. Except for facts explicitly stated herein as being admitted by Defendant, no incidental and/or implied admissions are intended by Defendant. No inferences may be drawn from any response by Defendant.

Subject to the foregoing, Defendant responds as follows:

## RESPONSES

1) Scott Anderson did not personally place his signature or mark on the assignment of deed to secure debt attached as Exhibit A.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Defendant admits that Mr. Anderson did not sign Exhibit A. However, Exhibit A was signed by an employee of Ocwen duly authorized by Mr. Anderson to sign his name.

2) The mark placed on the assignment of deed to secure debt attached as Exhibit A as Scott Andersons is not Scott Anderson's signature.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant, not reasonably calculated to lead to the discovery of admissible

evidence and is redundant. Without waiving its objections, Defendant admits that Mr. Anderson did not sign Exhibit A. However, Exhibit A was signed by an employee of Ocwen duly authorized by Mr. Anderson to sign his name.

3)      The mark placed on the assignment of deed to secure debt attached as Exhibit A as Scott Andersons was placed by another employee of your company, not Scott Anderson.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Defendant admits that Exhibit A was signed by an employee of Ocwen duly authorized by Mr. Anderson to sign his name.

4)      The mark placed on the assignment of deed to secure debt attached as Exhibit A as Scott Andersons was placed by another employee of your company who is also a notary.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and is redundant. Without waiving its objections, Defendant lacks sufficient information to admit or deny the allegations in Request No. 4.

5) Scott Anderson was not in the presence of Leticia Arias when the assignment of deed to secure debt attached as Exhibit A was executed with his signature or mark.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Defendant lacks sufficient information to admit or deny the allegations in Request No. 5.

6) On 2/25/2009, the assignment of deed to secure debt attached as Exhibit A was notarized in Palm Beach County by Florida notary Leticia N. Arias.

**Response:** Defendant objects to this Request on the grounds that Exhibit A, a written document, speaks for itself. Insofar as further response to the Request is required, Defendant state that the notary public "stamp" appearing on the face of Exhibit A identifies Leticia N. Arias as the notary.

7) The assignment of deed to secure debt attached as Exhibit A was then recorded in the Haralson County, GA public official records book 869, page 554.

**Response:** Denied. By way of further explanation, the assignment of the deed to secure debt attached as Exhibit A was recorded in the Haralson County, Georgia real estate records in Deed Book 978, Page 322.

4

8)     The assignment of deed to secure debt attached as Exhibit A was sent to Haralson County, GA via the U.S. mail or other delivery service.

**Response:** Admitted insofar as the Request seeks an admission that the Assignment was sent for recording to the Clerk of the Superior Court of Haralson County.

9)     The assignment of deed to secure debt attached as Exhibit A was used to support an advertisement for foreclosure sale of the Plaintiff's Property.

**Response:** Defendant objects to Request No. 9 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, and responding to the best of its ability, Defendant denies this Request.

10)    The signing agent of Residential Loan Servicing, Ocwen Loan Servicing as attorney-in-fact-for was Scott Anderson, a Senior Vice President of Ocwen.

**Response:** Denied.

11)    Denise A. Marvel, Manager of Document Control and Contract Management prepared Exhibit A.

**Response:** Denied.

5

12) Ms. Marvel took information from an Ocwen Computer system to create Exhibit A.

**Response:** Denied.

13) In Exhibit A, under "Attested By" are witnesses Oscar Traveras and Doris Chapman.

**Response:** Defendant objects to this Request on the grounds that Exhibit A, a written document speaks for itself. Insofar as further response to this Request is required, Defendant state that the signatures on Exhibit A are identified in type as those of Oscar Taveras and Doris Chapman. ¹

14) Oscar Traveras and Doris Chapman are employees of your company.

**Response:** Admitted insofar as Doris Chapman and Oscar Taveras were employees of Ocwen at the time of the execution of Exhibit A.

15) Oscar Traveras notarizes documents on behalf of your company and its officers.

**Response:** Denied.

16) Doris Chapman notarizes documents on behalf of your company and its officers.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of

admissible evidence. Without waiving its objections, Defendant admits the allegations in Request No. 16.

17) Leticia Arias notarizes documents on behalf of your company and its officers.

**Response:** Admitted.

18) Oscar Traveras has placed Scott Anderson's signature or mark on documents he notarized documents on behalf of your company and Scott Anderson.

**Response:** Denied.

19) Doris Chapman has placed Scott Anderson's signature or mark on documents he notarized documents on behalf of your company and Scott Anderson.

Response: Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, and responding to the best of its ability, Defendant denies this Request.

20) Leticia Arias has placed Scott Anderson's signature or mark on documents he notarized documents on behalf of your company and Scott Anderson.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, and responding to the best of its ability, Defendant denies this Request.

21) Oscar Traveras has placed Scott Anderson's signature or mark on documents notarized by others on behalf of your company and Scott Anderson.

**Response:** Denied.

22) Leticia Arias has placed Scott Anderson's signature or mark on documents notarized by others on behalf of your company and Scott Anderson.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, and responding to the best of its ability, Defendant denies this Request.

23) Doris Chapman has placed Scott Anderson's signature or mark on documents notarized by others on behalf of your company and Scott Anderson.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, and responding to the best of its ability, Defendant denies this Request.

24) Your company employs the notaries that notarize the assignments of mortgages and deeds your company prepares.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objection, Defendant admits the allegations in Request No. 24.

25) Your company prepares assignments of mortgage, deed to secure trust, and deeds of trust in India.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Ocwen does not originate loans, so it does not prepare deeds of trust. Assignments are prepared in one of Ocwen's Florida locations. Accordingly, and responding to the best of its ability, Defendant denies this Request.

26) Your company's employees execute assignments of mortgages and other real estate property records as officers of corporations they are not employed and paid by.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of

admissible evidence.    Without waiving its objections, Defendant denies the allegations in Request No. 26.

27)    Doris Chapman notarizes documents on behalf of your company and its officers.

**Response:** Defendant objects to this Request on the grounds that it has been asked and answered in Defendant's Response to Request No. 16. Defendant further re-states its objections to Request No. 16.

28)    Leticia Arias notarizes documents on behalf of your company and its officers.

**Response:** Defendant objects to this Request on the grounds that it has been asked and answered in Defendant's Response to Request No. 17. Defendant further re-states its objections to Request No. 17.

29)    The assignment of deed to secure debt attached as Exhibit A was "prepared" by Maria Alverez of Ocwen Loan Servicing.

**Response:** Defendant objects to this Request on the grounds that Exhibit A, a written document, speaks for itself. Insofar as further response to this Request is required, Defendant states that the document "footer" on Exhibit A identifies Maria Alvarez as the preparer of the document.

30) Deutsche Bank National Trust Company conducts business at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

**Response:** Denied.

31) Deutsche Bank National Trust Company employs officers at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

**Response:** Denied.

32) Deutsche Bank National Trust Company employs paid employees at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

**Response:** Denied.

33) Deutsche Bank National Trust Company may be served with lawsuits and service of process at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

**Response:** Denied.

34) You have not informed officers and management of Deutsche Bank National Trust Company of this lawsuit.

**Response:** Denied.

35) Deutsche Bank National Trust Company did not approve the foreclosure of Plaintiff's loan and property.

**Response:** Denied.

36)     Your company has been sanctioned by state and Federal Courts for your mortgage servicing practices.

**Response:** Defendant objects to this Request on the grounds that it is vague, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Defendant denies this request.

37)     Your company has been sanctioned by state and Federal Courts for your foreclosure practices.

**Response:** Defendant objects to this Request on the grounds that it is vague, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Defendant denies this request.

38)     Your company has filed pleadings and affidavits in Courts in the state of Florida that claimed original promissory notes were lost, stolen, or destroyed.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Ocwen states that as while it is possible that Ocwen as servicer has supplied a lost note affidavit in a given case, it does not generally own the mortgages it services, so it does not generally file lawsuits or pleadings.

39)    Your company has filed false pleadings and affidavits in Courts in the state of Florida that claimed original promissory notes were lost, stolen, or destroyed when in fact you knew the location of the original note.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, and responding to the best of its ability, Defendant denies this Request.

40)    Your company has filed foreclosure actions in its name as Plaintiff claiming it owned promissory notes when in fact it was only a servicer and other entities or persons owned the note.

**Response:** Defendant denies this Request insofar as the Request seeks information regarding foreclosures conducted in the state of Georgia. Georgia statute provides that foreclosures may be conducted through a non-judicial process (as was the foreclosure that is the subject of the case at Bar). Therefore there is no "plaintiff" as defined in this Request. Insofar as Plaintiff seeks information regarding the foreclosure process of any other state, such Request is overly broad, unduly burdensome and not calculated to lead to the discovery of evidence admissible in this matter.

41) Your company received a report claiming that Scott Anderson's name was being forged on assignments of mortgages and deeds.

**Response:** Defendant objects to this Request on the grounds that it is vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This "report" is not identified in the request nor is the person who allegedly received such information and Defendant does not have knowledge of such a report. Without waiving its objection, Defendant denies the allegation in Request No. 41.

42) Federal Judge Arthur Schack criticized your company and Scott Anderson's practices in opinions and court orders he issued.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, it calls for an admission of opinion on these rulings and not for an admission of fact. Defendant states that Judge Schack is a state court judge in New York, and has issued some opinions in foreclosure actions, both of which were appealed. One has already been reversed and remanded and the other is currently pending appellate argument. Accordingly, and responding to the best of its ability, Defendant states that these opinions are of public record, and whether

14

the opinions amount to criticism is a matter of opinion; therefore, Defendant can neither admit or deny this request.

43) Federal Judge Arthur Schack denied your right to foreclose in cases in the state of New York.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Judge Schack is a New York state court judge who refused under the rules of procedure in New York to issue an order of reference. Both of cases were appealed and one has already been reversed. Accordingly, and responding to the best of its ability, Defendant denies this Request as written.

44) Your company has been notified by regulators, U.S. trustee's office, U.S., Attorneys, U.S. Justice Department and/or state Attorney Generals that your company is under investigation for its assignment of mortgage and deeds practices.

**Response:** Defendant objects to this Request on the grounds that it is vague, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, and responding to the best of its ability, Defendant denies this Request.

45) The assignment to secure debt attached as Exhibit A is dated and notarized with a date of 2/25/2009.

**Response:** Defendant objects to this Request on the grounds that Exhibit A, a written document, speaks for itself. Insofar as further response to this Request is required, Defendant state that the date of the assignment and the date indicated in the paragraph concerning the notary are both identified as February 25, 2009.

46) The assignment to secure debt attached as Exhibit A is "made and entered": as of 5/1/2005.

**Response:** Defendant objects to this Request on the grounds that Exhibit A, a written document speaks for itself. Insofar as further response to this Request is required, Defendant state that the date referenced in the Request appears on Exhibit A.

47) The assignment to secure debt attached as Exhibit A states a Property/Asset transfer from HomeAmerican Credit D/B/A Upland Mortgage whose address is Ocwen Loan Servicing 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 (the "Assignor") to Deutsche Bank National Trust Company, As Indentrue Trustee for the Registered Holders of Ocwen Real Estate Asset Liquidating Trust 2001-1, Asset-Backed Notes Series 2007-1, whose address is c/o Ocwen Loan Servicing 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 (the "Assignee").

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objection, Defendant states that the "Assignment of Deed to Secure Debt" attached as Exhibit A speaks for itself. Accordingly, and responding to the best of its ability, Defendant denies this Request.

48) Your company's employees executed Exhibit A for both the Assignor and Assignee.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Defendant states that the "Assignment of Deed to Secure Debt" attached as Exhibit A speaks for itself. Accordingly, and responding to the best of its ability, Defendant denies this Request.

49) Exhibit A was assigned in 2009, but backdated to be effective in 2005.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Defendant states that the "Assignment of Deed to Secure Debt" attached as Exhibit A speaks for itself. In addition, the "effect" of the assignment would be governed by the applicable law and title

standards. Accordingly, and responding to the best of its ability, Defendant denies this Request.

50) Ocwen REAL ESTATE ASSET LIQUIDATING TRUST 2007-1 was not in existence in 2005.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Defendant admits the allegations in Request No. 50.

51) There was no lawful way for HomeAmerican Credit D/B/A Upland Mortgage to assign Plaintiff's Original Promissory Note and her Deed to Secure Debt to Ocwen REAL ESTATE ASSET LIQUIDATING TRUST 2007-1 in 2005.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it requires Defendant to draw a legal conclusion. Accordingly, and responding to the best of its ability, Defendant denies this Request.

52) There was no lawful way for HomeAmerican Credit D/B/A Upland Mortgage to assign Plaintiff's Original Promissory Note and her Deed to Secure Debt to an entity that didn't exist until 2007.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it requires Defendant to draw a legal conclusion. Accordingly, and responding to the best of its ability, Defendant denies this Request.

53) Securitized trusts such as Ocwen REAL ESTATE ASSET LIQUIDATING TRUST 2007-1 have definitive closing dates wherein the lawful assets in promissory notes must transfer to the trust within specific time frames.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it requires Defendant to speculate. Accordingly, and responding to the best of its ability, Defendant denies this Request.

54) You cannot legally transfer a promissory note into a securitized trust that has elected REMIC status two years after the trust's creation and its closing date.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it requires Defendant

19

to draw a legal conclusion. Accordingly, and responding to the best of its ability, Defendant denies this Request.

55) You cannot transfer a promissory note into a securitized trust that has elected REMIC status two years before a trust's creation and its closing date.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it requires Defendant to draw a legal conclusion. Accordingly, and responding to the best of its ability, Defendant denies this Request.

56) It is unlawful to backdate assignments of deeds of trust and mortgage to assign a promissory note that was not assigned into a trust two years earlier.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it requires Defendant to draw a legal conclusion. Accordingly, and responding to the best of its ability, Defendant denies this Request.

57) You never paid cash or any monetary consideration for the Plaintiff's promissory note.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objection, Defendant denies the allegation in Request No. 57 in that the Depositor for this trust, prior to depositing this mortgage into the pool purchased the loans for value.

58) Another securitized trust assigned you the right to service Plaintiff's loan.

**Response:** Defendant states that it held servicing rights to a Deed to Secure Debt conveyed by Cheryl Davis, but as written, the question is unanswerable; therefore, Defendant denies this Request.

59) Another securitized trust owned the Plaintiff's Original Promissory Note prior to any alleged transfer to Ocwen REAL ESTATE ASSET LIQUIDATING TRUST 2007-1.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, and responding to the best of its ability, Defendant denies this Request.

60) Your company and Scott Anderson claim in Exhibit A that they have a right under a Power of Attorney to execute documents on behalf of the Assignor.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objection, Defendant admits the allegations in Request No. 60.

61) Your company knows that it is unlawful in the state of Florida and Georgia to forge a signature or mark on real property records such as assignments of deeds to secure debt and mortgages.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it requires Defendant to draw a legal conclusion. Accordingly, and responding to the best of its ability, Defendant denies this Request.

62) Your company knows that it is unlawful in the state of Florida and Georgia to have notaries place another person's signature or mark on real property records such as assignments of deeds to secure debt and mortgages and then notarize such documents.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it requires Defendant

to draw a legal conclusion. Accordingly, and responding to the best of its ability, Defendant denies this Request.

63) Your company knows that it is unlawful in the state of Florida and Georgia to backdate assignments of deeds to secure debt and mortgages and then notarize such documents to reflect a date different.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it requires Defendant to draw a legal conclusion. Accordingly, and responding to the best of its ability, Defendant denies this Request.

64) Your company knows that it is unlawful in the state of Florida and Georgia to file assignments of deeds to secure debt and mortgages for loans whose promissory note were never lawfully sold, transferred or assigned.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it requires Defendant to draw a legal conclusion. Accordingly, and responding to the best of its ability, Defendant denies this Request.

65) Your company knows that if it intentionally separates or bifurcates a promissory note from its deed to secure debt or mortgage that the mortgage and deed become a nullity.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it requires Defendant to speculate and draw a legal conclusion. Accordingly, and responding to the best of its ability, Defendant denies this Request.

66) Your company knows that no real transfer of ownership interests in a promissory note occurs if only an assignment of mortgage or deed to secure debt occurs.

**Response:** Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it requires Defendant to draw a legal conclusion. Accordingly, and responding to the best of its ability, Defendant denies this Request.

67) Notaries employed by you have signed Scott Anderson's signature on assignments of mortgages, deeds of trust, and/or deeds to secure debt.

**Response:** Defendant objects to this Request on the grounds that it is redundant and a repeat of other Requests found herein. Further, Defendant obvjects to this Request on the grounds that it is overly broad, irrelevant and not reasonably calculated to lead to the discovery of evidence. Without waiving its objections, Defendant admits that Mr. Anderson did not sign Exhibit A. However, Exhibit A was signed by an employee of Ocwen duly authorized by Mr. Anderson to sign his name.

68) There are at least a dozen contracts and designated agreements in existence relating to Ocwen REAL ESTATE ASSET LIQUIDATING TRUST 2007-1.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it requires Defendant to speculate. Accordingly, and responding to the best of its ability, Defendant denies this Request.

69) Officers of your company have ownership interests in the certificates of Ocwen REAL ESTATE ASSET LIQUIDATING TRUST 2007-1.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of

admissible evidence. Accordingly, and responding to the best of its ability, Defendant denies this Request.

70) Ronald Faris has ownership certificates in Ocwen REAL ESTATE ASSET LIQUIDATING TRUST 2007-1.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, and responding to the best of its ability, Defendant denies this Request.

71) William Erby has ownership certificates in Ocwen REAL ESTATE ASSET LIQUIDATING TRUST 2007-1.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, and responding to the best of its ability, Defendant denies this Request.

72) Your company's officers and employees have purchased REO assets and properties foreclosed on by your company.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Ocwen has been in business since January 1, 1997. It is

possible that an employee or former employee has somewhere in the United States in the last 13 years bought an REO property, but as written it is impossible to determine. Accordingly, and responding to the best of its ability, Defendant denies this Request.

73) Family members of your company's officers and employees have purchased REO assets and properties foreclosed on by your company.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Ocwen has been in business since January 1, 1997. It is possible that a family member of an employee or former employee has somewhere in the United States in the last 13 years bought an REO property, but as written it is impossible to determine. Accordingly, and responding to the best of its ability, Defendant denies this Request.

74) Friends and business colleagues of your company's officers and employees have purchased REO assets and properties foreclosed on by your company.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Ocwen has been in business since January 1, 1997. It is

possible that a friend or business colleague of an employee or former employee has somewhere in the United States in the last 13 years bought an REO property, but as written it is impossible to determine. Accordingly, and responding to the best of its ability, Defendant denies this Request.

75) Friends and business colleagues of your company's officers and employees have purchased REO assets and properties foreclosed on by your company at a discount.

**Response:** Defendant objects to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, and responding to the best of its ability, Defendant denies this Request as REO properties are priced based on market value.

Respectfully submitted this ___4th___ day of ___June___, 2010.

Linda S. Finley
Georgia Bar No. 261515
Charles T. Huddleston
Georgia Bar No. 373975
Jonathan E. Green
Georgia Bar No. 307053
*Counsel for Defendant Ocwen Loan Servicing, LLC*

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
3414 Peachtree Road, N.E., Ste 1600
Atlanta, Georgia 30326
Ph: (404) 577-6000; Fax: (404) 221-6501
lfinley@bakerdonelson.com
chuddleston@bakerdonelson.com
jegreen@bakerdonelson.com

## CERTIFICATE OF SERVICE

I have this day served upon all necessary parties of record with a copy of

**OCWEN LOAN SERVICING, LLC'S RESPONSES TO PLAINTIFF'S**

**FIRST REQUEST FOR ADMISSIONS** by the CM/ECF online filing system

with the U.S. District Court for the Northern District of Georgia to the following:

Preston Halliburton, Esq.
Law Office of Preston Haliburton
1378 Scenic Hwy. N.
Snellville, GA 30078
prestonhaliburton@yahoo.com

This 4th day of June 2010.

Charles T. Huddleston
Georgia Bar No. 373975

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
3414 Peachtree Road, N.E.
Monarch Plaza, Suite 1600
Atlanta, Georgia 30326
Phone: (404) 577-6000
Facsimile: (404) 221-6501
chuddleston@bakerdonelson.com

*Counsel for Defendant Ocwen*
*Loan Servicing, LLC*