IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHERYL DAVIS,

   Plaintiff,

   v.

HOMEAMERICAN CREDIT, INC., *et al.*,

   Defendants.

CIVIL ACTION FILE

1:09-CV-01462-TCB-GGB

# FINAL REPORT AND RECOMMENDATION

This case comes before the Court on Defendants Ocwen Loan Servicing, LLC's (Ocwen's) and Deutsche Bank National Trust Company's ("Deutsche Bank's) (collectively "Defendants'") Motion for Summary Judgment. (Doc. 41.) Defendants move for summary judgment on the basis that there are no genuine issues of fact to be tried, and Plaintiff's claims fail as a matter of law. Plaintiff, who is represented by counsel, opposes the motion. (Doc. 42.) For the reasons set out below, I recommend that the motion be **GRANTED**.

**I.**    **SUMMARY JUDGMENT STANDARD**

Summary judgment is proper when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The movant carries its burden by showing the Court that there is "an absence of

evidence to support the nonmoving party's case." Celotex v. Catrett, 477 U.S. 317, 325 (1986). "Only when that burden has been met does the burden shift to the nonmoving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The nonmovant is then required "to go beyond the pleadings" and to present competent evidence in the form of affidavits, answers to interrogatories, depositions, admissions and the like, designating "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. See Fed. R. Civ. P. 56(e). "Rule 56(e) [of the Federal Rules of Civil Procedure] itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but 'must set forth specific facts showing that there is a genuine issue for trial.'" Bald Mountain Park, Ltd. v. Oliver, 863 F.2d 1560, 1563 (11th Cir. 1989)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)) "Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment." Bald Mountain Park, 863 F. 2d at 1563. Resolving all doubts in favor of the nonmoving party, the Court must determine

"whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson, 477 U.S. at 252.

Defendants argue that the claims in Plaintiff's Complaint, which are claims to quiet title, claims of fraud, wrongful foreclosure, violations of the Fair Debt Collection Practices Act, and claims for attorney's fees and punitive damages, all fail as a matter of law. Defendants support their arguments and their Statement of Undisputed Material Facts (Doc. 41-2) with signed affidavits from Howard R. Handville, a Loan Analyst with Ocwen, and Richard B. Maner, a Georgia attorney whose firm was employed by Ocwen to take action against Plaintiff pertaining to her default on her mortgage loan. (Docs. 41-3 & 41-5.) Attached to both the Handville and Maner affidavits are multiple real estate records that were recorded legal instruments maintained by the Haralson County Clerk of the Superior Court.

Plaintiff opposes Defendants' motion for summary judgment. In support of her arguments and response to Defendants' statement of material facts (Doc. 42-1), Plaintiff attaches the unsigned and unsworn affidavits of Plaintiff Cheryl Davis (Doc. 42-2), and William Davidson (Doc. 42-3). Mr. Davidson's affidavit states that he has a juris doctorate degree and has worked in the legal field for over 25 years. (Id.)

3

The Court may not consider the Davis or Davidson affidavits because they do not conform with the requirements of Rule 56(c)(1) of the Federal Rules of Civil Procedure, and they are inadmissible hearsay lacking any probative value. A party must support the assertion that a fact is genuinely disputed by "(1) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials, or (2) showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Unsigned and unsworn statements do not meet the requirements of Rule 56 and cannot be considered by the Court in ruling on a summary judgment motion because they lack any probative value. Carr v. Tatangelo, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003)(citing Adickes v. S.H.Kress & Co., 398 U.S. 144, 158 n.17 (1970); see also, McCaskill v. Ray, 279 F. App'x 913, 914-15 (11th Cir. 2008)(stating that "affidavits, supporting or opposing summary judgment, must be made on personal knowledge and must set forth facts that would be admissible evidence. . . . Unsworn statements, even from *pro se* parties, should not be considered in determining the propriety of summary judgment."(internal quotations and citations omitted))  Additionally, to the extent that the Davidson

4

affidavit is offered as expert testimony, there is no indication in the record that Mr. Davidson was disclosed as an expert during discovery pursuant to Fed. R. Civ. P. 26(a)(2). Plaintiff also fails to cite to the Davidson affidavit in her response to Defendants' statement of material facts or her other responsive materials.

Under Local Rule 56.1 of the Northern District of Georgia, a party moving for summary judgment must include "a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried." LR 56.1(B)(1), NDGa. The Court deems the movant's facts admitted unless the opposing party either refutes the facts with citations to evidence or law, or states a valid objection to the movant's evidence. Because Plaintiff has not properly refuted or stated valid objections to the material facts as set forth in Defendants' statement of material facts, these facts are deemed admitted by operation of law. LR 56.1(B)(2); Reese v. Herbert, 527 F.3d 1253, 1267-69 (11th Cir. 2008). Therefore, I will not consider Plaintiff's unsigned and unsworn affidavits from Davis and Davidson, and I find that Defendants' statement of material facts is undisputed.

## II.  **FACTS**

In light of the foregoing summary judgment standard, and the federal and local rules discussed above, the Court deems the following facts admitted for the purpose of resolving Defendants' motion for summary judgment.

On or around September 28, 1998, Plaintiff obtained a mortgage loan (the "Loan") from Homeamerican Credit, Inc. d/b/a Upland Mortgage ("Upland") secured by property located at 271 Westbrook Road, Bremen, Haralson County, Georgia 30110 (the "Property"). To secure repayment of the Loan, Plaintiff executed a security deed in favor of Upland. The Security Deed is recorded at Deed Book 406, Pages 230, Haralson County, Georgia Records. The Loan was in the original principal amount of $59,500.00. Plaintiff also executed a promissory note (the "Note") evidencing her indebtedness under the Security Deed. Under the terms of the Note, Plaintiff was obligated to make monthly payments of accrued interest. Uunder the terms of the Note, payments were applied pursuant to the amortization schedule.

Upland assigned its interest in the Security Deed to Deutsche Bank, for value, on February 25, 2009, as Indenture Trustee for the Registered Holders of Ocwen Real Estate Asset Liquidating Trust 2007-1, Asset—Backed Notes, Series 2007-1, effective May 1, 2005 ("Assignment"). The Assignment is recorded in Deed Book 978,

6

Page 322, Haralson County, Georgia Records. Ocwen serviced the loan on behalf of Deutsche Bank. On or around March 12, 2008, Deutsche Bank granted Ocwen a limited power of attorney to prepare and file notices of default and notices of sale with respect to the commencement of non-judicial foreclosure proceedings against the Property, and to execute any and all documents necessary to complete the foreclosure sale of the Property. The Limited Power of Attorney is recorded at Deed Book 983, Page 318, Haralson County, Georgia.

Plaintiff's last payment was received by Ocwen on or around October 30, 2008, and Plaintiff eventually defaulted on the repayment of the Loan. Acting under the limited power of attorney, Ocwen sent Plaintiff via certified mail a notice of default dated December 17, 2008, that informed Plaintiff that a failure to bring her account current could result in Deutsche Bank's election to exercise its right to foreclose on the property. By letter dated February 24, 2009, Plaintiff was contacted by the law firm of Richard B. Maner, P.C. to notify Plaintiff that the law firm had been employed and authorized by Ocwen to take action against her and the Property if Plaintiff failed to cure the default ("First Maner Letter"). By letter dated February 26, 2009, Mr. Maner contacted Plaintiff to provide her with a copy of the Notice of Sale Under Power as required by applicable Georgia law ("Second Maner Letter"). Plaintiff failed to make

7

the payments that would bring her account current, and as a result, Deutsche Bank foreclosed on the Loan pursuant to the power of sale contained in the Security Deed. The foreclosure sale was completed on April 7, 2009, as evidenced by the Deed Under Power that is recorded in Deed Book 983, Page 315, Haralson County, Georgia Records.

Plaintiff filed her Complaint in the Superior Court of Haralson County, Georgia on or around May 22, 2009. Defendants subsequently removed the action to this Court on June 1, 2009. During the course of the litigation, Plaintiff sought to depose four Ocwen employees in her attempt to challenge the validity of the Assignment, but Ocwen moved to quash the notices of service of deposition. On February 15, 2011, this Court granted Ocwen's motion to quash, holding that Plaintiff, as the mortgagor/debtor and a non-party to the assignment contract, lacked standing to challenge the validity of the Assignment. (Doc. 36.)

### III. DISCUSSION

#### A. Federal Fair Debt Collection Practices Act ("FDCPA")

"In order to prevail on an FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has

8

engaged in an act or omission prohibited by the FDCPA.'" Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)(citation omitted). "The FDCPA defines a debt collector as 'any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.)(quoting 15 U.S.C. § 1692a(6)), modified on other grounds, 761 F.2d 237 (5th Cir. 1985); see also Monroe v. Citimortgage, Inc., No. 8:07-cv-0066-SCB-TGW, 2007 WL 1560194, at *2 (M.D. Fla. May 29, 2007)(same). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry, 756 F.2d at 1208; see also 15 U.S.C. § 1692a(6)(F); Hennington v. Greenpoint Mortgage Funding, Inc., Nos. 1:09-CV-00676-RWS, 1:09-CV-00962-RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009)(FDCPA does not apply to creditors attempting to collect their own debt or mortgage servicers); Bates v. Novastar/Nationstar Mortgage, LLC, No. 1:08-CV-1443-TWT, 2008 WL 2622810, at *5 (N.D. Ga. June 24, 2008)(FDCPA applies only to debt collectors and not to creditors or mortgage servicers); Humphrey v. Washington Mutual Bank, F.A., No. 1:06-CV-1367-JOF, 2007 WL 1630639, at *2 (N.D. Ga. June

AO 72A
(Rev.8/82)

1, 2007)(same); Monroe, 2007 WL 1560194, at *2 (same). Moreover, "foreclosing on a home is not debt collection for purposes of § 1692g." Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 461 (11th Cir. Aug. 14, 2009)(unpublished).

It is undisputed that the Defendants are mortgage holders or servicers, and the action at issue was the foreclosure of a home. As such, Defendants are not debt collectors within the meaning of the FDCPA. Consequently, Plaintiff's FDCPA claim fails as a matter of law because Defendants are not debt collectors, and foreclosing on a home is not debt collection for purposes of the FDCPA.

### B. Fraud

In Georgia, the elements of a fraud claim are: (1) a false representation by a defendant; (2) scienter; (3) intention to induce the plaintiff to act or to refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. See Fortson v. Hotard, 299 Ga. App. 800, 802-03 (2009). The first element, misrepresentation of a material fact, can be demonstrated by either showing that a material fact was actually misrepresented, or that a material fact was concealed by the defendant. Huddleston v. R.J. Reynolds Tobacco Co., 66 F. Supp. 2d 1370, 1376 (N.D. Ga. 1999)(citations omitted). However, in the latter situation, the plaintiff must

AO 72A
(Rev.8/82)

show that a fiduciary or confidential relationship existed such that the defendant had a duty to disclose the material fact in question. Id.

Plaintiff has not shown that a fiduciary or confidential relationship existed between Plaintiff, as a borrower, and Defendants, as creditors. In Georgia, the law is clear that "[c]reditors deal with debtors at arm's length, and do not stand in a fiduciary capacity in relationship to the debtor." May v. Citizens & S. Nat'l Bank, 202 Ga. App. 217, 219 (1991)(quotation marks and citation omitted); see also Pardue v. Bankers First Fed. Sav. & Loan Ass'n, 175 Ga. App. 814, 815 (1985)(stating that "[t]here is, moreover, *particularly* no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests."(original emphasis)). Thus, Plaintiff has not shown, and cannot show, that there was a fiduciary or confidential relationship under the facts presented.

In addition, both federal and state law require that the circumstances constituting fraud be pled with particularity. See Fed. R. Civ. P. 9(b); O.C.G.A. § 9-11-9(b). The facts alleged, accepted as true, must show:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and
>
> (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and

11

(3) the content of such statements and the manner in which they misled the plaintiff, and

(4) what the defendants obtained as a consequence of the fraud.

Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)(internal quotation marks and citation omitted); see also Leonard v. Stuart-James Co., 742 F. Supp. 653, 659 (N.D. Ga. 1990)(granting motion to dismiss where complaint failed to allege "specifically when, where, by whom, or specifically what the representation was.").

Here, none of Plaintiff's fraud claims satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). Plaintiff failed to plead facts with sufficient particularity to demonstrate false representation, scienter on the part of Defendants, justifiable reliance, and damage to Plaintiff. The U.S. Supreme Court has made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(explaining that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

AO 72A
(Rev.8/82)

With one exception, in response to Defendants' motion, Plaintiff failed "to go beyond the pleadings" and to present any competent evidence in the form of affidavits, answers to interrogatories, depositions, admissions and the like, designating "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324; Fed. R. Civ. P. 56(e). As the Eleventh Circuit has stated, "[m]ere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment." Bald Mountain Park, 863 F.2d at 1563.

Plaintiff does present Ocwen's Responses to Plaintiff's First Request for Admissions (Doc. 42-4) to show that Mr. Scott Anderson did not sign the assignment of the deed to secure debt. Plaintiff argues that this is proof that the back-dated assignment from Upland to Deutsche Bank was fraudulently executed, and that Defendants have admitted "this deed fraud and notary fraud" (Doc. 42-1, ¶ 7). However, I previously held that Plaintiff does not have standing to challenge the assignment. Specifically, in granting Ocwen's motion to quash (Doc. 29), I stated:

> Contrary to Plaintiff's assertion, "[c]ourts have routinely found that a debtor may not challenge an assignment between an assignor and assignee" as a non-party to those documents. Bridge v. Aames Capital Corp., No. 1:09CV2947, 2010 WL 3834059 *5 (N.D. Ohio Sept. 29, 2010)(holding that Plaintiff did not have standing to assert claim to set aside foreclosure based on invalidity of assignment where "Plaintiff was not a party to the assignment of the Mortgage between Aames and Deutsche Bank, neither of which dispute the validity of the assignment,

13

and has not and will not suffer any new injury nor face any obligation different from what was owed when Aames held the note"); see e.g., Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, L.L.C., 717 F. Supp. 2d. 724, 735-36 (E.D. Mich.), aff'd, No. 10-1782, 2010 WL 4275305 (6th Cir. Oct. 28, 2010) petition for cert. filed, (Jan. 26, 2011)(No. 10-970)(examining multiple state and federal court cases and holding that a "[b]orrower may not challenge the validity of assignments to which it was not a party or third-party beneficiary, where it has not been prejudiced, and the parties to the assignments to not dispute (and in fact affirm) their validity"). Therefore, because Plaintiff has no standing to challenge the validity of the assignment, the preparation of the assignment document is not relevant to the claims in this action.

(Order, Doc. 36 at 5-6.) Plaintiff's persistence in arguing that the assignment is fraudulent does not now preclude summary judgment. Rehashing previously decided matters contravenes the law of that case and does not create a genuine issue for trial.

## IV. CONCLUSION

For the reasons stated, I **RECOMMEND** that Defendants' Motion for Summary Judgment (Doc. 41) be **GRANTED**.

**IT IS SO RECOMMENDED** this 16th day of December, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

14